The Court

then said, on the first point, we consider the omission of the clerk’s signature as an error of our officer. (a) This ought not to prejudice the plaintiff, defendant, or any other person. The judgment was docketed as the statute requires,(b) and therefore, the world has the due and legal notice of its existence. On these principles, we, the last term, ordered an amendment nunc pro tune, and the same must be done now, by ordering the signature of the clerk to be added in the same *manner. On the [*10] other two points we will, as the counsel request it, hear them at a future day.

Per Curiam.

On Friday, in the second week of the last term, a motion was made to set a side the ca. sa. issued in this cause, on two grounds: 1. Because it ought to have been a testatum writ, it having issued into a county different from that in which the venue was laid; 2. Because the roll was not signed by the clerk,(c) and the record was, therefore, incomplete, and the judgment irregular.
The second objection we considered as a mere clerical omission, and it was disposed of at once, by permitting the clerk to add his signature to the roll nunc pro tune. The *18 consideration of the first objection, on account of the pressure of business, was postponed till the present term; and it being evident that the object of the motion was the relief of the bail, the proceedings against them were in the mean time directed to stay.
Another motion is now made for a rule that an exoneretur be entered on the bail piece, founded on the irregularity of the ca. sa. as above stated, and also on the further fact that the principal was insolvent, and was discharged under the insolvent act on the 25th September, 1801. The ca. sa. was returned non est in July term last, and the action against the bail is still pending.
It is now objected, that the hail ought not to be permitted to avail themselves of the defendant’s discharge, because it was not a ground on which the motion depended at the last term. But this cannot be a good reason to charge the bail, if they are otherwise entitled to relief.
In the case of Van Ahtyne ads. Brinkerhoff,(a) we [*11] permitted *an exoneretwr to be entered on an application from bail, under similar circumstances. In that case the principal was also discharged under the insolvent act, before the bail were fixed in law. The suit, however, proceeded against the bail, and the eight days after the return of the copias against them had expired before they made their application for relief. We decided, that as they were entitled to have the exoneretur(b) entered be *19 fore they were fixed, and had barely omitted to have it done, they had not forfeited that right while the action was pending against them, and that the only consequence was that they subjected themselves to the payment of costs.(a)
The facts in this case in support of the motion made this term are similar, and we think the former decision was equitable and proper in favor of bail, and ought to govern the present. [1] It is, therefore, unnecessary to give an opinion on the first objection made on the former motion.
Let the egconeretur be entered on the payment of costs.(b)

 Suydam v. M'Coon, Col. Cas. 59.

 31st March, 1801, c. 105, s 3.

 Scoffield at Ux. v. Lcdie, 2 Johns. Cas. 75.

 July term, 1802.

 The engagement of bail being alternative either to pay the debt or surrender the principal, though in strictness they be confined, for the latter, to eight days in term after the return of the writ against them, (Strong v. Barber, 1 Johns. Cases, 329. Elliot v. Hay, Ibid. 334,) yet, as it will be allowed at any Vane pending the suit, and this though they be indemnified, (Browne-low v. Forbes, 2 Johns. Rep. 101,) they will have the benefit, of a surrender by an exoneretwr wherever the law has rendered the surrender impossible, Wood v. Mitchell, 6 D. & E. 247. Merrick v. Vaucher, Ibid. 50. Cathcart v. Cannon, Col. Cas 60,) unless they be indemnified. (Coles v. De Hayne, 6 D & E. 246.) An exoneretwr will also be ordered, when the principal is discharged from the debt, either by having been taken on a ca. sa. and liberated, (Milner and others v. Green, 2 Johns. Cases, 283,) or by vourso of law *19 (Kane v. Ingraham, Ibid. 403,) and this to prevent circuity. The power which bail have to relieve themselves by a surrender, is preserved to both, when sued jointly, so long as it remains in either; and each will be entitled to avail himself of it, for their mutual benefit; (Ballard and Parkman v. Kibba and Ludlow, Col. Cas. 51,) nor does the principal’s being in custody as a felon prejudice their right. (Bignell v. Forest, 4 Johns. Rep. 482.) But by the death of the principal it is lost. (Olcott v. Lilly, 4 Johns. Rep. 407.)

а) Those of the suit against themselves.

 In the course of the argument a case of Riddles v. Mitchell, manucaptor of Cuyler, was alluded to. Erom the relation of the counsel in that cause, the facts were as follows:
Riddles v. Mitchell.
The original action was brought in the mayor’s court of the city of NewVork, and judgment obtained therein. The defendant brought a writ of error returnable to this court. Pending the writ of error, the defendant in the original suit was discharged under the insolvent law. Errors not being duly assigned, the defendant nonprossed the writ, issued a ca. sa. in this court, and upon a return of a non est inventus, brought an action of debt against the bail on their recognizance in the original suit. After declaration, plea, and demurrer, the defendant applied to the court to stay proceedings. It was contended, on the part of the present plaintiff, that the defendant came too late with this application, having pleaded to the action. But the court, on the authority of a case in Carthew,* ordered the proceedings to be stayed.

 As to relief of hail after discharge of principal, see also, Campbell v. Palmer, 6 Cow. 596. Cunningham v. Brown,, 5 Id. 289. Franklin v. Thurber, 1 Id. 421. Mechanics’ Bank v. Hanard, 9 Johns. Rep. 392. Post v. Riley, 18 John. 54. Trumbull v. Haley, 21 Wend. 670. White v. Blake, 22 Id. 612. Russell v. Champion, 9 Wend. 462. See Hogan’s N. Y. Digest, tit. Bail.

 Dodson v. King, 515. But the case seems by no means analogous. A surrender had been actually made before the return of the latitat on which the bail had been arrested.