Hunt
v.
Grant.

HUNT *vs.* GRANT & TROWBRIDGE.

The docket of judgments will be corrected where by the mistake of the clerk, a judgment is docketed for an amount less than the true sum; saving, however, the rights of bona fide purchasers, mortgagees and incumbrancers who had dealt with the defendant intermediate the docketing of the judgment and the order for an amendment on the assumption, that the debt of the plaintiff did not exceed the sum specified in the docket.

Feb. 1838.

ON the 24th March, 1836, the plaintiff, by virtue of a bond and warrant of attorney, perfected a judgment against the defendants for $30,000 of debt, besides costs. The judgment record and other papers were filed in the office of the clerk of this court at Utica, and the judgment was docketed on the same day; but by mistake of the clerk, only $3,000 was entered in the docket as the amount of the debt recovered. Since this judgment was entered, other persons and corporations, to the number of thirty-two, have recovered judgments against one or both of the defendants. On discovering the mistake in the docket, the plaintiff, with the consent of the defendants, give notice of a motion to have the docket corrected, so as to correspond with the judgment record, and this notice has been served on the attorneys of the subsequent judgment creditors.

*J. L. Wendell,* for the plaintiff, moved for an order directing an amendment of the docket, in pursuance of the notice.

*M. T. Reynolds,* appeared and opposed for three of the subsequent judgment creditors. No affidavits or other papers were produced on their behalf. The other judgment creditors did not appear.

*By the Court,* BRONSON, J. The plaintiff, in perfecting his judgment, did every thing which was necessary on his part to obtain a valid lien on the real estate of the defendants to the amount of $30,000; but through the error of one of the officers of the court the judgment has been dock-

eted for only $3,000. As against those judgment creditors who have been served with notice and have neglected to appear, the plaintiff is entitled to take his motion by default. The defendants have consented to this proceeding; but had it been otherwise, it would have been almost a matter of course to grant the motion so far as they are concerned. The power of the court to order such amendments as the ends of justice may seem to require, not only exists at the common law, but it has been enjoined as a duty by the legislature. 2 R. S. 424, § 7, 8. Among other things not being against the right and justice of the matter which the court is required to supply and amend after judgment are, *a mistake in any sum of money*, when the correct sum has been once rightly alleged, and errors happening through the default or negligence of any *clerk* or *officer of the court*, by which neither party shall have been prejudiced. Amendments of the like character to that which is now asked, and equally important in their influence upon the rights of parties, are made at almost every term of the court.

The only objection to granting the motion is, the effect it may have upon the interest of third persons. As a general rule, amendments which are proper as between the parties to a particular suit or proceeding, are granted without any reference to the consequences which may result to others. There are undoubtedly exceptions to the rule, but they cannot be very numerous. If the three creditors who appear, had given credit or granted indulgence to the defendants; if they had omitted any diligence in attempting to secure their debts, or had in any other way acted on the supposition that the plaintiff's judgment was no more than $3,000, it would be proper to protect them against the consequences of an unrestricted amendment of the docket. But nothing of the kind is alleged. Indeed, it does not appear that granting the motion will necessarily work any injury whatever to these creditors. They produce no affidavits, but rely wholly on the fact disclosed in the plaintiff's papers, that they have subsequent judgments, and consequently may be affected by correcting the docket. I think this is not a sufficient answer to the motion. In *Seaman v.*

*Drake,* 1 Caines, 9, the judgment was imperfect for the reason that the clerk had not signed the roll. The court said this was a mere clerical omission, and ordered an amendment *nunc pro tunc,* notwithstanding a motion on the part of the defendant's bail to vacate the judgment. In *Close* v. *Gillespey,* 3 Johns. R. 526, the judgment had been entered on a warrant of attorney, but the name of the defendant's attorney had not been signed to the plea, nor was it inserted in the roll. This error was regarded as fatal, if not amended. Mancius had recovered a subsequent judgment against the defendant, and claimed a preference over the plaintiff's execution. The amendment was nevertheless ordered. Spencer, J., who delivered the opinion of the court, said, "I cannot perceive that Mancius has any right to avail himself of the irregularity which has intervened. Nor can I perceive that our right to amend, in case of the mistake of one of our officers, is to be controlled by the effect which may be produced in another case. All amendments affect, more or less, third persons." In principle, these cases go the whole length of sustaining the present application. *Chichester & Van Wyck* v. *Cande,* 3 Cowen, 39, is a still stronger case of granting an amendment which sustained the preference which the plaintiff had obtained over another creditor. After a sale of personal property under the plaintiff's execution, when no judgment had in fact been perfected, the court, under the special circumstances of that case, allowed the judgment record and other necessary papers to be filed *nunc pro tunc. Hart* v. *Reynolds,* is given in a note to the last case. The plaintiff had a warrant of attorney to enter judgment against John Reynolds, but by mistake of the attorney all the papers were prepared and filed, and the judgment was docketed against Elisha Reynolds. Doe and Taylor subsequently obtained judgments against John Reynolds, and claimed a prior lien on his real estate over the plaintiff. They had notice of the plaintiff's judgment and supposed it had been regularly docketed, until after their judgments were perfected. A motion made by Doe and Taylor to set aside the plaintiff's execution was denied, and

the plaintiff, as to them, was allowed to amend all the proceedings, including the docket, so as to make it a perfect judgment against John Reynolds, as of the day the papers were originally filed. There was a *saving clause* in the order of the court of the rights of bona fide purchasers and mortgagees ; and the judgment creditors of Reynolds, other than the two who had been heard, were directed to have notice, and allowed to come in at the next term, when the court proposed to make such further order in the premises as should be just.

The plaintiff is, I think, entitled to the effect of his motion as against all who have been served with notice. If there are other judgment creditors, they must have an opportunity to be heard. It is not suggested that there are any bona fide purchasers or mortgagees interested in the question ; but for greater caution, I shall follow the precedent in *Hart* v. *Reynolds*, and insert a saving clause for their benefit. See also *Frost* v. *Beekman*, 1 Johns. Ch. R. 288 ; 18 Johns. R. 544, S. C. It will be impracticable to enter the order for amendment at large in the docket books, nor can that be necessary. If a copy of the order is filed in each of the clerk's offices and a brief reference is made to it on the several dockets, all persons interested in the question will be able to obtain full information.

The order directed by the court was, in substance, that the original docket of the judgment made by the clerk at Utica, and the several transcripts or dockets in the other offices, be corrected and amended *nunc pro tunc*, so that the dockets will in all respects conform to the amount of the plaintiff's recovery as stated in the judgment record ; that the amendment shall not prejudice the rights of persons claiming under the defendants or either of them, as bona fide purchasers or mortgagees ; and all persons who may have recovered judgments against either or both of the defendants, and who have not had notice of the present motion, may apply to the court for such modification of the order as the nature of the case may require ; that a certified copy of the order be filed in the office of each of the clerks of the

court; that a brief reference to it be made in the docket books at the several places where the judgment is entered, and that the certified copy be exhibited to all persons who may desire to examine the same.