## SEARS *v.* BURNHAM.

The statute (*ch.* 386 *of* 1840), relating to the docketing of judgments by transcript, is directory. An error in the statement of date, amount, &c., which would be amendable by the court in which the judgment was rendered, will not vitiate the lien of such judgment as against persons who have not been actually misled and prejudiced thereby.

So *Held*, in respect to the proceeds of a sale, under a surrogate's order, of real estate subject to the lien of a judgment, the year of the rendition whereof was erroneously stated in the transcript.

APPEAL from a judgment of the Supreme Court in the first district, affirming a decree of the surrogate of New-York. On the 8th of January, 1851, certain real estate of William Renwick, deceased, was sold under an order of the surrogate, for the payment of debts. A surplus existed for distribution among the heirs, or the persons claiming under

them; one of whom was Robert J. Renwick, whose share was claimed by the respondent, under judgments recovered in the late Court of Common Pleas, of Tompkins county, on the 15th of March, 1841, and docketed on filing transcripts in New-York, on the 3d of May, 1842, as having been recovered on the 15th of March, 1842. The appellant claimed the same share under a judgment in the Supreme Court, recovered on the 11th of December, 1847, and docketed in New-York the same day. One ground of his claim was, that, by reason of the error in the transcript, the judgments of 1841 never became liens on land in the county of New-York. Another was, that conceding them to have been liens for ten years from the date of the original docket, March 15, 1841, their lien had expired, as to the surplus proceeds of the sale; the sale not having been confirmed by the surrogate until May 9, 1851. The surrogate, in his decree, gave priority to the respondent's judgments.

*William C. Noyes*, for the appellant.

*John T. Hoffman*, for the respondent.

STRONG, J. The several judgments were entitled to priority in the distribution of the surplus, according to the priority of their liens on the land at the time of the sale. The equitable rights of the parties in regard to the distribution, corresponded with their legal rights to the land, for the payment of their judgments, when it was sold. Their rights as at that time were to be regarded in the distribution, as the sale upon a conveyance would divest their rights from that period; the conveyance would relate back to the sale. (*McLaren* v. *The Hartford Mutual Insurance Company* 1 *Seld.*, 151.)

The remaining question in the case is, whether the error in the dockets of the respondent's judgments in New-York,

Sears *v.* Burnham.

in stating the entry of the judgments to have been one year later than they were actually obtained, precluded them from a preference over the appellant's judgment. The Revised Statutes, in reference to docketing judgments, require the clerk, at the time of filing the record, to enter in an alphabetical docket a statement of the judgment, containing, among other things, the hour and day of entering such docket. ( 2 *R. S.,* 361, § 13.) By the act of 1840 ( *Laws of* 1840, 334, § 26), the clerk, on request and payment of fees, is to furnish a transcript containing all the facts necessary to make a perfect docket of the judgment; and on presenting the transcript to the clerk of any other county, it is his duty to file the same and docket the judgment, specifying, among other particulars, the day and the hour on which the judgment was perfected and the day and hour of docketing the same. The clerk is to make the docket on filing the record or transcript. It is a duty imposed on the clerk and in case of any default it is his default. The Revised Statutes ( 2 *R. S.,* 360, § 12 ) provide that " no judgment shall affect any lands, tenements, real estate or chattels real, or have any preference as against other judgment creditors, purchasers or mortgagees, until the record thereof be filed and docketed as herein directed." This section relates to the original docketing of the judgment. By the act of 1840 above cited (§ 25 ), " no judgment or decree which shall be entered after this act takes effect, shall be a lien upon real estate, unless the same shall be docketed in books to be provided and kept for that purpose, by the county clerk of the county where the lands are situate." This section, it will be observed, omits the words " as herein directed" in the section last aforesaid of the Revised Statutes; but I do not think the latter section should receive a different construction on account of them, from what would otherwise be given. It could not, I think, have been the intention of the legislature, by any of the provisions in regard to the docketing and lien of judgments, to require a strict, literal

compliance in every particular with the requirements as to the contents of the docket, in order that the judgment may be a lien on lands as against other incumbrances. If such a compliance was necessary, a variance of a day or hour as to time, or of a single penny as to the amount of the judgment, would vitiate the docket and render it a nullity as to securing a preference over other incumbrances. A substantial observance of those requirements, having reference to the object the legislature had in view of affording information to all who might be affected by the judgment, I am satisfied is all that was designed or is necessary. Those provisions are merely directory; and omissions and variances which cannot work any prejudice are immaterial. It is for the court so to administer the provisions as to the docketing and lien of judgments as carefully to secure the information designed to be given, and at the same time protect the judgment creditor from the loss of his preference on account of slight omissions and defects entirely unessential to the docket for the purpose of such information. The mistakes of the clerk are to be overlooked when no prejudice results. The views above taken, as to the proper construction of these provisions, is fully sustained by the practice of the Supreme Court in amending defects in the dockets of judgments. In *Hunt* v. *Grant* ( 19 *Wend.,* 90 ), a docket of a judgment was amended *nunc pro tunc* by increasing the amount from $3,000 to $30,000. Numerous judgments had been recovered against the defendants after that in question was docketed; but by the amendment the plaintiff obtained a preference over all of them. The court, by BRONSON, J., say : " If the three creditors who appear, had given credit or granted indulgence to the defendants; if they had omitted any diligence in attempting to secure their debts, or had in any other way acted on the supposition that the plaintiff's judgment was no more than $3,000, it would be proper to protect them against the consequences of an unrestricted amendment of the docket. But nothing of the kind is

alleged. Indeed, it does not appear that granting the motion will necessarily work any injury whatever to these creditors. They produce no affidavits, but rely wholly on the fact disclosed in the plaintiff's papers, that they have subsequent judgments, and consequently may be affected by correcting the docket. I think this is not a sufficient answer to the motion. In *Hart* v. *Reynolds* (*note to Chichester* v. *Cande,* 3 *Cow.,* 39 ), a docket was amended by correcting the name of the defendant as against subsequent judgment creditors. In both cases there was a saving clause in the order as to the rights of the *bona fide* purchasers and mortgagees; and in the former, leave was reserved to judgment creditors who had not received notice of the motion, to apply for such modification of the order as the case might require.

In the present case, the error in the docket could not possibly prejudice the appellant. It simply postponed the lien of the judgments for a year; the dockets gave as ample notice of the judgments as they would have done if the error had not occurred; the like search which would have been required if the dockets had been correct would have disclosed the judgment and the mistake.

All the judges concurring,

Judgment affirmed.