THE NATIONAL BANK OF CHEMUNG, Respondent, v. THE CITY OF ELMIRA, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1871.)

To render an assessment roll illegal by reason of defects in the affidavit of the assessors annexed thereto, the defects must be of substance and not of form merely. The omission of words not essential to the substance of the affidavit prescribed by statute is not a fatal defect.

Nor is it a fatal defect if the affidavits have no venue.

Nor if the affidavit was sworn to before an officer different from the one prescribed by the statute, but duly authorized to administer oaths.

Assessors having jurisdiction, their action cannot be attacked collaterally.

THIS action is brought by the plaintiff, a banking associa-tion, against the defendant for the recovery of $4,006.80 with interest, for money had and received by it as claimed, or for a tort, by reason of the alleged wrongful taking thereof by the collector of taxes for the city of Elmira, in April, 1869, and the alleged payment thereof by him to the treasurer of said city, and the refusal of the city to pay back the same to the plaintiff upon a demand being made therefor of the mayor of the city.

The defence made thereto by the defendant, in its answer, consists in a justification of the taking and receipt of said money by said collector and treasurer under an assessment and warrant issued for the collection of taxes.

It is conceded in the case, and found as fact by the referee in his report, that the assessors of said city, in the year 1868, made an assessment of the real and personal estate therein, and assessed the plaintiffs upon their real estate at the valuation of $5,000, and upon their personal at the valuation of $95,000.

That the personal property so assessed was so much of the capital stock of the bank, which was invested in United States government bonds.

That such assessors made their assessment roll, which was duly delivered and filed as required by law, showing the assessment aforesaid against said plaintiff, and made an affida-vit thereto, which was as follows :

" We, the undersigned, do severally depose and swear that we have set down in the foregoing assessment roll all the real estate situate in the city of Elmira, according to our best information ; and that with the exception of those cases in which the value of said real estate, at the same sums which a majority of the assessors have decided to be the full and true value thereof, and at which they would appraise the same in payment of a just debt due from a solvent debtor ; and also that the said assessment roll contains a true statement of the aggregate amount of personal estate of each and every person now in such roll, over and above the amounts of the debts due

from such person respectively and exclusively, such stocks as are otherwise taxable, and such other property as is exempt by law from taxation at the full value thereof, according to our best judgment and belief.

SQUIRE NEWTON, } *Assessors.*
G. H. POST,

Sworn and subscribed before me, this }
  9th day of September, A. D. 1868, }

C. H. BAKER,
*Deputy clerk Chemung county.*"

That the common council duly assessed, imposed and levied a general tax upon said property, so as aforesaid assessed, in the year 1868, for the purposes of said city, amounting to $84,457.50, and the taxes appearing on said roll, upon the valuation therein, against said plaintiff were $2,080.

That a certified copy of said assessment roll, with the warrant of said city annexed, for the collection of said taxes, was duly delivered to the collector of the city.

That said plaintiff did not appear before said assessors, to review said assessment, or make any objections to the same, the notice for that purpose having been duly given and published.

That the warrant so issued by the city to said collector only required him to collect from said plaintiff and pay over to said treasurer said sum of $2,080, including his fees thereon, and that he received no other or different instructions from said city, for the collection of said taxes, than are contained in said warrant.

On the second day of April, 1869, said warrant having been duly renewed, and in full force and effect, and said collector then being the collector of taxes for county and State purposes, as well as for said city, and then having a warrant in his hands for the collection of the taxes, from the board of supervisors of Chemung county, duly levied upon and sold by virtue of both of said warrants, a quantity of bank bills and treasury notes of said plaintiff, amounting in value to

the sum of $4,006.80, of which sum he paid over to the treasurer of said city, for the use thereof, under his said city warrant, the sum of $2,080, and the balance thereof he paid over to the treasurer of the county, under his said county warrant.

The president of the bank forbade the taking and sale of the bills, and said sum of $4,006.80 was thereafter demanded of the city and it refused to pay the same to plaintiff.

As conclusions of law upon these facts, the referee finds:

That the assessors had jurisdiction of the question whether said plaintiff was taxable within the city, and liable to be assessed therein for their property so assessed and valued, and whether said property was liable to taxation thereon.

And that said assessors, in holding said plaintiff so liable to be assessed for said property, and that said property was liable to taxation, acted judicially, and their decision cannot be reviewed or called in question in this action.

That the affidavit made by the assessors, written upon the assessment roll, was not such an affidavit or oath as is required by the statute, and was not sufficient in law to give the defendant jurisdiction to issue the warrant for the collection of said taxes, and that by the issuing of said warrant, and the proceedings thereupon had, said defendant was guilty of a wrongful taking of said bank bills, and that by reason thereof the plaintiff is entitled to recover of the defendant the value of the whole of said bank bills and treasury notes, to wit, $4,006.80, with interest, and that judgment should be entered accordingly.  To which several findings the defendant duly made and filed exceptions.

The defendant, on the trial, offered in evidence a new or supplemental affidavit of said assessors, to said assessment, in due form, and made before the proper officer, of date May 2d, 1870, which was objected to by plaintiff, and the referee refused to receive the same, to which refusal the defendant excepted.

Judgment was entered on said report, and in accordance

therewith, October 27, 1870, for $4,570.60, from which the defendant appeals.

*S. B. Tomlinson*, for the appellant and defendant.

*E. H. Benn*, for the respondent and plaintiff.

Present—MILLER, P. J.; PARKER and DANIELS, JJ.

By the Court—MILLER, P. J. The right of the plaintiff to recover in this action was placed by the referee upon the ground that the affidavit or instrument written upon the assessment roll was not such an affidavit or oath as was required by the statute, and was not sufficient to give jurisdiction to issue the warrant. There are several omissions in the affidavit annexed, which are supposed to be fatal to the validity of the warrant under which the plaintiff's property was seized. The statute (see Laws 1851, p. 334, § 8) prescribes the form of the affidavit to be made and subscribed by the assessors, and provides that they shall depose and swear that they have set down all the real estate according to their best information, " and that, with the exception of those cases in which the value of the said real estate (has been changed by reason of proof produced before us, we have *estimated* the value of the said real estate) at the sums which a majority of the assessors have decided to be the full and true value thereof," &c. * * * "And, also, that the said assessment roll contains a true statement of the aggregate amount of (the taxable) personal estate of each and every person (named) in such roll," * * "at the full (and true) value thereof, according to our best information and belief."

The words omitted in the affidavit to the assessment roll are contained in brackets, and the main question to be determined is, how far their omission affects the validity of the warrant.

The omission, in order to affect the legality of the assessment roll, must be one of *substance* and not of *form* merely.

In *Van Rensselaer* v. *Whitbeck* (7 N. Y., 517), it was held that when a statute prescribes the form of a certificate to be signed by the assessors and attached to their assessment roll, a substantial compliance with its terms is necessary to give jurisdiction to the board of supervisors to impose a tax and issue their warrant to the collector thereon. In the case cited, the statute was entirely disregarded, and the assessors certified that they had set down the real estate at the sums which a majority of the assessors "have decided to be proper," and that the assessment roll contained a true statement of the aggregate amount of the taxable personal estate, &c., "according to the usual way of assessing." The assessors entirely disregarded the law in force at that time (1 R. S., 394, § 27), which required that they should certify that they had estimated the real estate at the sums which they had decided to be "the true value thereof," and the personal estate according to their "information and belief."

In *Parish* v. *Golden* (35 N. Y., 467) it was held that the omission of the assessors to specify or make an affidavit as to some particulars required of them in relation to the assessment was not a jurisdictional defect. In the last case cited, the words omitted were "and such other property as is exempt by law from taxation," and they were held to be immaterial. The learned judge who wrote the opinion, after discussing the question whether the omission was material, says: "But if it is a material statement, the omission of it ought not to be regarded as fatal to the assessment roll. Its omission is not evidence that the assessors have not performed their duty in making the valuations." * * * "And I am of the opinion that the duty of verifying the assessment is to be regarded as *directory*, rather than jurisdictional." If the statute is merely directory, as here laid down, then, of course, the omissions are of no importance whatever they may be. With the authority of *Van Rensselaer* v. *Whitbeck*, still existing, I am not prepared to hold that a material omission in the affidavit which affects the substance is not a jurisdictional defect. The question then arises whether the

omissions referred to are material. The first omission, I think, is not important, as, without the words left out, it would appear that the assessors had set down the real estate at sums which a majority of the assessors "have decided to be the full and true value thereof." This is equivalent to saying that they have "estimated the value of the real estate." The omission of the words relating to changes made "by reason of proof," &c., renders the sentence imperfect, but is entirely clerical. It is difficult to see how any taxpayer can be injuriously affected by leaving out these words and placing a reasonable interpretation upon the language employed, and having the statute in view, it is fairly to be inferred what actually was intended. It may be the case that the value of no real estate was changed by proof, and then these words might properly be omitted. None of the other defects are of any consequence except the words, "the taxable," as they do not add to, or in any way change the meaning or import of the affidavit. As to these last-named words, a question arises which is not entirely free from embarrassment. At first view their omission appears to make the affidavit read so as to include all property, whether taxable or otherwise, thus embracing government securities and other personal property, which the law exempts from taxation, in direct violation of the statute. But I am inclined to think that the clause, which is as follows, "and exclusively of (which indirectly means excluding) such stocks as are otherwise taxable, and such other property as is exempt by law from taxation," virtually and in fact saves the omission, and renders the meaning perfect and complete. It thus reads that the roll contains a statement of all personal property, except such as is exempt, which, I think, must be interpreted as including all "taxable" personal property. If this construction is correct, then there was no substantial defect in the affidavit, and the statute was complied with in all essential particulars.

I think, also, that the want of a venue to the affidavit is not material. The necessity of a venue is more strictly

applicable to affidavits in judicial proceedings, and not to mere oaths like the one annexed to the assessment roll in this case. The authorities cited by the plaintiff, therefore, have no application. It is to be assumed that the assessment roll had a proper statement at the beginning; that it was a list of the taxable inhabitants of the city and county where it was made up. This was sufficient if a venue was necessary. Besides, the omission, at most, was a mere irregularity, which is not jurisdictional, and could be the subject of review upon *certiorari* only. In *The People ex rel. Beadle et al.* v. *The Assessors of Elmira*, it was held to be a mere irregularity. (See MSS. opinion.) Nor do I think that it is a fatal defect, because the affidavit was sworn to before the deputy clerk of Chemung county. The statute which provides that the assessors shall appear before one of the justices of the peace of the town or city, and make and subscribe the oath (S. L. of 1851, chap. 176, § 8), does not prohibit the affidavit being taken before some other competent officer. I do not think the statute is peremptory and absolutely requires the oath to be taken before the officers named, but simply directory.

In *The People* v. *The Supervisors of Ulster* (34 N. Y., 272), it is said: "Where the statute directs an act to be done in a certain way, or at a certain time, and a strict compliance as to time and form does not appear to the judicial mind to be essential, the proceedings are held valid, although the command of the statute has been disregarded. The statute is then said to be directory." This court has also decided, in *Beadle* v. *The Assessors* (*supra*) that, although the statute specified that the oath should be made before a justice of the peace, yet it might be made before the city clerk, who had the same power to administer oaths as justices.

It is insisted by the plaintiff's counsel that the assessment of the capital stock of the bank was illegal, unauthorized and void under the act of 1866 (chap. 761), which provides that "no tax shall hereafter be assessed upon the capital of any bank or banking association organized under the autho-

rity of this State or of the United States." The referee, upon the trial, held that the assessors had jurisdiction of the question whether the plaintiff was liable to be assessed, and whether the property was liable to taxation within said city, and that they acted judicially, and their decision cannot be reviewed or called in question in this action.

The referee was clearly right in this view of the subject. In *The Genesee Val. Nat. Bank* v. *The Board of Supervisors of Livingston County* (53 Barb., 223), an action was brought to recover money paid for taxes, and it was held that the assessors having jurisdiction of the bank and of the subject-matter, that in assessing the plaintiff to the full amount of its capital they acted within their jurisdiction; and if they erred, the error was a judicial one, which could be reviewed upon certiorari, but clearly could not be reviewed in a collateral proceding. This case is directly in point, and I think controlling. The same doctrine has been frequently held in the courts of this State. (See *Chegary* v. *Jenkins*, 5 N. Y., 376; *Barhyte* v. *Shepherd*, 35 N. Y., 238; *Swift* v. *The City of Poughkeepsie*, 37 id., 511; *Bank of Commonwealth* v. *Mayor of N. Y.*, 43 id., 184.)

The statute relied upon was intended to add another to the class of exemptions already existing and within the jurisdiction of the assessors to determine. (See 37 N. Y., 513.) The assessors having jurisdiction and having acted judicially, the assessment imports absolute verity, and the remedy of the plaintiff was to bring a certiorari to correct the errors complained of, and not by action against the defendant to recover back the taxes actually paid.

The referee was clearly wrong, and the judgment appealed from must be reversed; and as a new trial cannot change the case, I think judgment should be ordered in favor of the defendant, with costs.