Grover, J.
This appeal must be dismissed with costs. The only question presented is, whether, when the affidavit,. *599 showing that no answer or demurrer has been served by the defendant, filed with the clerk, was regularly sworn to before a proper officer, who through some oversight neglected to sign the jurat, which omission the attorney and clerk failed to discover until some time after the entry of judgment, the court has power to permit an amendment by directing the officer to sign nuno pro tuno as of the day the affidavit was actually sworn before him. If the court had the power, it was in its discretion to grant the amendment, the exercise of which is not reviewable by this court. Section 174 of the Code confers the power to grant the amendment. That, among other things, provides that whenever any proceeding taken by a party fails to conform in any respect to the provisions of the Code, the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto. This clearly embraces the power to grant the amendment in question. But the court possessed the power to grant the amendment in question-prior to the Code. (Close v. Gillespey, 3 J. R., 526; Seaman v. Drake, 1 Caines, 9; Dexter v. Hoover, 2 Cow., 526; see also, Cutler v. Rathbone, 1 Hill, 204; Lawton v. Kiel, 51 Barb., 30.)
All concur.
Appeal dismissed.