In the Matter of the Application of JOHN O'ROURKE, Petitioner, for an Order of Prohibition against S. HOWARD COHEN and Others, as Commissioners of Elections of the City of New York, Respondents, and MARIO J. CARIELLO and WILLIAM GILLIGAN, Intervenors.*

Supreme Court, Queens County, October 10, 1941.

---

* Affd., 262 App. Div. 1032; 286 N. Y. 711.

*Samuel D. Lasky*, for the petitioner.

*William C. Chanler*, *Corporation Counsel* [*David Du Vivier* of counsel], for the respondents.

*Sydney Rosenthal*, for Mario J. Cariello.

*William Gilligan* in person.

STEINBRINK, J. The petitioner, who was elected to the office of justice of the Municipal Court of the City of New York, Borough of Queens, First District, at a general election held in November, 1932, and who is at present an incumbent thereof, applies for an order restraining the board of elections of the city of New York from calling or holding the coming election for the said office.

The petitioner was a candidate to succeed himself in the Democratic primary election held on September 16, 1941, and having been defeated therein now takes the position that his term does not expire until December 31, 1942, and that hence the city clerk and the board of elections have erroneously declared that his office would become vacant on December 31, 1941.

At the time of the petitioner's election in November, 1932, there were two provisions of the Municipal Court Code governing the terms of office of justices of the Municipal Court. (§§ 1, 4.) Section 1, so far as pertinent, reads as follows: "The court and justices continued; term of office. The municipal court of the city of New York, as it now exists, shall be continued, with the addition of eight additional justices, and it shall be a court of record. The justices thereof in office when this act takes effect shall continue to hold office until the expiration of their respective terms. The successors of said justices shall be elected for terms of ten years by the electors of the several municipal court districts, as hereby

constituted, at the general election to be held in the years at the end of which the respective terms of said justices shall expire."

Section 4, so far as pertinent, reads as follows: " Vacancy in the office of justice. A vacancy occurring in the office of justice of this court, otherwise than by expiration of term, shall be filled at the next ensuing general election for a full term, except that if such full term would expire with an even-numbered year, for a term ending on the last day of December next preceding the time when a full term would expire; such terms shall commence on the first day of January next after said election; and the mayor of the city of New York shall appoint a duly qualified attorney to fill such vacancy in the interim, within twenty days after the same occurs."

Section 4 was adopted in 1920 (Laws of 1920, chap. 829), while section 1 was adopted in 1930 (Laws of 1930, chap. 651). The question is whether the later enactment effected an implied repeal of the earlier one. In determining this question recourse must be had to the general rule of statutory construction that one statute is not deemed to repeal another without express words of repeal unless the two are so repugnant to each other that both cannot be given effect. (*People* v. *Dwyer*, 215 N. Y. 46, 51.) A comparison of the two sections fails to disclose any necessary conflict between them. Section 1 fixes the term of office at ten years with respect to successors to justices whose terms have expired. Section 4 provides that in filling a vacancy " occurring * * * otherwise than by expiration of term," the term shall be ten years except that if said term would expire in an even-numbered year it shall terminate a year earlier. Each section deals with a vacancy of a different nature — one occurring by expiration of term and the other occurring otherwise than by expiration of term.

In this case it appears that the petitioner was elected in November, 1932, to fill a vacancy which occurred as the result of his predecessor's resignation prior to the expiration of his term. The petitioner took office on January 1, 1933, and since the full term would expire in an even-numbered year (1942) his term must be held to end on the last day of December of the preceding year (December 31, 1941).

Accordingly the application is denied. ⌐