DORIS S. HARMAN et al., Plaintiffs, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, June 11, 1948.

*Joseph H. Kohan* for plaintiffs.

*John P. McGrath, Corporation Counsel (Arthur H. Kahn* of counsel), for defendants.

McNALLY, J. This is a consolidated action brought by twenty-nine school teachers. Four causes of action are alleged. The first cause of action sets forth that the board of education of the city of New York illegally purported to amend a by-law of said board, resulting in the reduction of prior service credit to withdrawn teachers applying for reinstatement. A teacher is with-

drawn when he resigns from the service. The plaintiffs seek a declaration of the invalidity of said by-law. The second cause of action is for the recovery of the difference between the sums received by the plaintiffs and the sums to which they are entitled if the said by-law is invalid.

The third cause of action alleges that the same by-law does not meet the requirement of uniformity in that more credit is allowed for outside experience than for experience in the public schools of the city of New York. Plaintiffs advance this as an additional ground for declaring the said by-law invalid. The fourth cause of action is for the recovery of the difference between the sums they received and the sums plaintiffs are entitled to if the by-law is invalid because it fails to meet the requirement of uniformity.

Chapter 530 of the Laws of 1930 (eff. April 17, 1930) amended former subdivision a of section 889, now paragraph (b) of subdivision 4 of section 3102 of the Education Law. Thereby salaries of teachers and other employees of the board are required to be not less than the " salaries and salary increments fixed by the schedules and schedule conditions * * * on file in the office of the state commissioner of education on the first day of February, nineteen hundred thirty." The latter date was advanced to March 5, 1931, by chapter 540 of the Laws of 1931. The said law will be referred to hereinafter as the minimum salary law.

None of the plaintiffs was in the employ of the board when the minimum salary law became effective. Prior thereto one of the plaintiffs had applied for reinstatement. The other plaintiffs applied for reinstatement subsequent to the effective date of the minimum salary law.

Each plaintiff had rendered substantial satisfactory teaching service in the public schools of the city of New York prior to her application for reinstatement. The basic issue common to all the causes of action herein is, what credit is each plaintiff entitled to in respect of the teaching service rendered by her prior to re-employment. The solution of this question affects the salary of each plaintiff because the pertinent salary schedules assign larger salaries to teachers with more years of service to their credit.

The board is empowered to fix salaries of teachers (Education Law, § 3101, subd. 1, formerly § 882). The salaries are fixed by schedules, certified copies of which are required to be filed in the office of the State Commissioner of Education within thirty days after their adoption by the board (Education Law, § 3103, formerly § 889, subd. a).

Prior to the effective date of the minimum salary law, the board had adopted two by-laws relating to service credit of withdrawn teachers applying for reinstatement. The earlier by-law provided for full credit for prior satisfactory service certified as therein provided (General Regulations of Board of Education of City of New York, § 65). The later by-law provided for partial credit, determined by dividing the prior service by the years elapsing between the time of withdrawal and the time of re-employment (General Regulations of Board of Education of City of New York, § 95, subd. 8[b]).

Section 65 was filed in the office of the State Commissioner of Education as provided by law and was so filed when the minimum salary law became effective. Subdivision 8 (b) of section 95 was adopted January 8, 1930, amended September 25, 1930, and filed April 20, 1932, long after the effective date of the minimum salary law. The plaintiffs contend for the full credit provided for by section 65 because the minimum salary law provides, in part, that their salary shall not be " less than the salaries * * * fixed by the schedules and schedule conditions adopted * * * and on file in the office of the state commissoner of education on the fifth day of March, nineteen hundred thirty-one."

The omission to file subdivision 8(b) of section 95 within the time prescribed by law was inadvertent. The statutory specification of the time within which to file the schedule is directory. No limitation is placed upon the power of the board to adopt schedules nor upon the effectiveness thereof consequent upon the omission to file them within the time prescribed by the statute. The filing is purely ministerial. The omission of the public official charged with the duty of said filing cannot affect public rights unless the contrary is expressly provided or otherwise clearly manifest (*Burke* v. *Kern*, 287 N. Y. 203, 218, holding noncompliance by election officials with provisions of the Election Law intended to make the machinery of election more effective does not affect the results of the election; *People ex rel. Lefever* v. *Board of Supervisors of Ulster Co.*, 34 N. Y. 268, 271, 272, sustaining a jury's verdict although the statutory requirement of certification of the verdict by the justice had not been complied with; *Sears* v. *Burnham,* 17 N. Y. 445, 448, where an entry in the judgment docket erroneously made by the clerk was antedated one year against the objections of subsequent judgment creditors; *Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, 811, affd. 232 N. Y. 561, which sustained the correction of the recording of a resolution of the board of education so as to pro-

vide for two years instead of one year of probation erroneously recorded; *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie,* 188 Misc. 39, 41, affd. 272 App. Div. 162, 165, 166, upholding a decision of the Public Service Commission required to be made within, although in fact made after, the expiration of thirty days from the making of the application; *Matter of Brenner* v. *Bruckman,* 253 App. Div. 607, 610, appeal dismissed 278 N. Y. 503, sustaining a disposition made by the State Liquor Authority required to be made within, but in fact made after, thirty days after the hearing; *Fallon* v. *Hattemer,* 229 App. Div. 397, 400, affirming an order of the County Court made subsequent to, although required to be made within, ten days after the date fixed for argument; *Matter of Broadway Widening,* 63 Barb. 572, 579, sustaining a report of condemnation commissioners, although made after the time therefor provided by statute; *People* v. *Allen,* 6 Wend. 486, 487, upholding the appointment of a brigade court-martial made after the time therefor provided by statute).

The plaintiffs contend, in effect, that the minimum salary law repealed or invalidated the schedules theretofore adopted by the board which had not been filed as required by section 3103 of the Education Law. Compliance with the directory provisions of section 3103 may be effected by mandamus proceedings (*Matter of Rochester Gas & Elec. Corp* v. *Maltbie, supra*). Noncompliance, however, in the light of the above authorities, does not affect the exercise of the power of the board to fix salaries.

The power having been validly exercised, the rights and obligations thereon dependent must be vindicated. To hold otherwise would be tantamount to invalidating subdivision 8 (b) of section 95 by implication. Repeals by implication are not favored (*Naramore* v. *State of New York,* 285 N. Y. 80, 84; *Matter of O'Rourke* v. *Cohen,* 177 Misc. 495, 497, affd. 262 App. Div. 1032, affd. 286 N. Y. 711.) The invalidation of subdivision 8 (b) herein sought is the equivalent of repeal. There is no legislative history to justify it. In the enactment of the minimum salary law the Legislature was concerned primarily with fixing salaries at the rates in effect on the date therein specified. There is nothing to indicate that the Legislature intended to repeal or invalidate by-laws which had not been filed. Obviously, the Legislature assumed the filing requirement had been and would be met. It did not legislate with the view of providing sanctions for omissions to file.

The plaintiffs suggest liability may be imposed upon a public entity by way of estoppel or laches. The authorities seem to

indicate otherwise (*New York City Employees' Retirement System* v. *Eliot,* 267 N. Y. 193, 203; *Looney* v. *Hughes,* 26 N. Y. 514, 519, 520). So far as appears, however, the predicate for estoppel is not present, for the plaintiffs were reinstated on the conditions set out in section 95 and were cognizant of the content thereof. Having knowingly accepted less than what they now claim, it is difficult to perceive the basis for plaintiff's claim of estoppel, which usually involves the converse, to wit, the preclusion of the assertion of a lesser obligation after another has changed his position in reliance upon a greater obligation.

The plaintiffs rely on *Cottrell* v. *Board of Education of City of N. Y.* (181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792). There the board of education of the city of New York, subsequent to the freeze date specified in the minimum salary law, adopted a by-law which reduced the credit for teaching experience in schools other than the public schools of the city of New York. The by-law was held to be in violation of the minimum salary law. The *Cottrell* case (*supra*) is inapplicable because in the case at bar the by-law was adopted prior to the freeze date.

The plaintiffs also contend that subdivision 8(b) of section 95 does not meet the requirement of uniformity. Subdivision 4 of section 3101, derived from former section 882 of the Education Law, provides in part: " In districts employing eight or more teachers the school authorities shall adopt bylaws establishing uniform schedules of salaries for all teachers."

When the minimum salary law became effective, the credit for prior satisfactory service in public schools of the city of New York, by virtue of subdivision 8(b) of section 95, depended upon the length of time intervening between the time of withdrawal and the time of re-employment. As this time increased, the service credit decreased and, conversely, as the said time decreased, the credit increased until, when such time was less than one year, full service credit was allowed. The credit for outside experience at the time the minimum salary law became effective was evaluated according to a schedule adopted by section 23 of the regulations of the board. The maximum credit provided by section 23 was seven years and the time elapsing between the last teaching experience and the time of employment by the board was not one of the criteria. After the effective date of the minimum salary law, the board attempted to reduce the credit for outside experience. The said reduction was held to be in violation of the minimum salary law and therefore invalid (*Cottrell* v. *Board of Education of City of N. Y., supra*).

The tenor of plaintiffs' argument on uniformity is as follows: Experience in public schools of the city of New York is at least the equivalent of outside experience, therefore the service credit for experience in public schools should not be less than for outside experience. The plaintiffs, who had experience in public schools of the city of New York, received less credit than they would have received had they had outside experience, hence subdivision 8(b) of section 95 and section 23 result in schedules which are not uniform within the meaning of section 3101 of the Education Law.

The vice of plaintiffs' said claim is that it depends solely upon the impact of subdivision 8(b) of section 95 on the plaintiffs herein. It does not prove that subdivision 8(b) establishes a formula which yields less to the group or class there dealt with than to the group or class dealt with by section 23. Subdivision 8(b) of section 95 does not limit the aggregate credit, whereas section 23 limits the credit therefrom to be derived to seven years. Those who have been withdrawn less than one year are entitled to full service credit under section 95, whereas under section 23 there is no full credit except for the first year of experience. It may well be that the class as a whole affected by section 95 is the recipient of greater benefits than the class dealt with by section 23. The evidence presents no factual premise for the asserted lack of uniformity. Furthermore, there is no legal basis for said claim. Uniformity within the meaning of section 3101 of the Education Law is limited to its geographic sense. It requires only that by-laws of the board have equal application throughout the city of New York, as is demonstrated by *Matter of Brady* v. *Board of Education of City of N. Y.* (136 Misc. 1, 4, affd. 229 App. Div. 853).

The court has dealt with the issue of uniformity despite grave doubts as to its jurisdiction to deal with it to the extent that it has. Subdivision 7 of section 310, formerly section 890 of the Education Law, provides for judicial power in the Commissioner of Education in respect of any offical act of any school authority. The court's jurisdiction probably ends upon ascertaining that the school authority had proceeded according to law (*Barringer* v. *Powell*, 230 N. Y. 37, 42, 43; *People ex rel. Hylan* v. *Finegan*, 227 N. Y. 219, 224, 225; *People ex rel. Board of Education of City of N. Y.* v. *Finley*, 211 N. Y. 51, 57; *People ex rel. Peixotto* v. *Board of Education of City of N. Y.*, 212 N. Y. 463, 466; *Welker* v. *Lathrop*, 210 N. Y. 434, 437; *Matter of O'Connor* v. *Emerson*, 196 App. Div. 807, 810, affd. 232 N. Y. 561, *supra*; *People ex rel. Walrath* v. *O'Brien*, 112 App. Div. 97, 98, 99; *Matter of*

*Brady* v. *Board of Education of City of N. Y. supra*). Enough appears to indicate to the satisfaction of this court that the enactment of subdivision 8(b) of section 95 was within the discretionary power of the board. It is not the function of this court to judge or characterize the discretion exercised.

The plaintiffs moved to conform the pleadings to the proof and this relief was granted. The evidence presents two additional issues. They involve: (1) the rights of the plaintiffs who filed applications for reinstatement prior to September 24, 1930; and (2) The effect of the repeal on July 15, 1942, of subdivision 8(b) of section 95.

Twelve of the plaintiffs applied for reinstatement or relicenses prior to September 24, 1930. They seek relief on the basis of the saving clause contained in subdivision 8(b) of section 95, which reads: '' But if the withdrawn teacher shall be re-employed pursuant to an application for such reemployment filed prior to September 24, 1930, the salary of said reemployed teacher shall be fixed in accordance with the Bylaws as they existed on January 1, 1930.'' The plaintiff Kratzke also relies on the quoted portion of subdivision 8(b). In order to come within its ambit, however, she rests on an application for reinstatement filed March 16, 1928, which was rejected.

The defendants assert in opposition to the claims of the thirteen plaintiffs aforesaid the following:

(1) The service credit accorded the withdrawn teachers by subdivision 8(b) was discretionary. Said subdivision was revoked July 15, 1942, prior to the reinstatement of the said plaintiffs. On reinstatement the plaintiffs were bound by the schedules then existing. The said plaintiffs, therefore, are not entitled to the service credit sought. The defendants make the same contention against all other plaintiffs reinstated after July 15, 1942.

(2) Various statutes of limitation.

(3) Laches.

The general rule is that the board may fix salaries and that the exercise of this power is largely discretionary. The power to fix salaries has, however, been circumscribed by the minimum salary law (*Cottrell* v. *Board of Education of City of N. Y., supra*; *Nelson* v. *Board of Higher Education of City of N. Y.,* 263 App. Div. 144, affd. 288 N. Y. 649; *Matter of Putnam* v. *Marshall,* 286 N. Y. 485). The schedules in effect on the freeze date [March 5, 1931] govern, regardless of whether promulgated as a matter of discretion or pursuant to mandate. Subdivision 8(b) of section 95, insofar as applicable, makes no reservation

of discretion on the part of the board. Consequently, *Roantree* v. *Board of Education of City of N. Y.* (266 App. Div. 652) has no application. The repeal of subdivision 8(b) is ineffective, therefore, as to the said thirteen as well as all the other plaintiffs herein.

The rights of the said thirteen plaintiffs, with the exception of Kratzke, are governed by the schedules in existence on January 1, 1930. The rights of all other plaintiffs, for the purposes of this action, are governed by the provisions of section 95 on the freeze date. Such rights are not circumscribed or otherwise affected by the alleged revocation of July 15, 1942.

The right underlying this action is statutory. Subdivision 2 of section 48 of the Civil Practice Act requires such an action to be commenced within six years. Section 24 of the Civil Practice Act, however, adds to the time limited by section 48 for the commencement of actions the time institution thereof has been stayed by statute. Former section 868-b, now subdivision 1 of section 2512 of the Education Law, requires the complaint in an action against the board to allege that thirty days have elapsed since the claim on which the action is founded was presented to the board for adjustment. Each omission, entire or partial, of the payment of salary required by the minimum salary law to be made gives rise to a distinct cause of action. This action is timely, therefore, in respect of all salaries which became due and payable within six years and thirty days prior to commencement thereof (*Brehm* v. *Mayor of City of N. Y.*, 104 N. Y. 186, 191; *Annex Asphalt Corp.* v. *City of New York*, 263 App. Div. 968, affd. 288 N. Y. 721).

Laches is no defense where the relief sought is a matter of right rather than indulgence. The right to recover statutory salaries is absolute (*Nelson* v. *Board of Higher Education of City of N. Y.*, *supra*). In any event, lapse of time without a showing of damage is no defense (*Feldman* v. *Metropolitan Life Ins. Co.*, 259 App. Div. 123; *Collins* v. *Burr*, 209 App. Div. 116).

The plaintiff, Kratzke, was reinstated pursuant to an application filed after September 24, 1930, and therefore does not come within the saving clause of subdivision 8(b) of section 95. The fact that her prior application may have been rejected erroneously does not give rise to any enforcible right. Her cause of action predicated on the rejection of the application filed March 16, 1928, is therefore dismissed, without prejudice, however, to her administrative remedy, if any, under the Education Law.

Settle judgment on notice in conformity herewith, declaring the rights of the twelve plaintiffs who filed applications for rein-

statement prior to September 24, 1930, to be governed by the by-laws of the board in force on January 1, 1930; declaring the rights of all other plaintiffs, including the plaintiff Kratzke, to be governed by subdivision 8(b) of section 95 of the General Regulations of the Board of Education of the City of New York, disregarding the alleged revocation thereof on July 15, 1942; and dismissing the claim of the plaintiff, Kratzke, insofar as it is predicated on her application for reinstatement filed March 16, 1928, without prejudice to her administrative remedy, if any; without costs.