■ In the Matter of LEONARD BARON, Appellant, v. ROBERT MACKRETH et al., as Trustees of the Board of Education of Union Free School District No. 18 (Plainedge), Town of Oyster Bay, et al., Respondents.— In a proceeding under CPLR article 78 to compel respondents to reinstate petitioner as a teacher of driver education in respondents' school district, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered January 21, 1966, dismissing his petition on the ground of laches. Judgment reversed on the law, without costs, and proceeding remanded to Special Term for a hearing in accordance herewith. No questions of fact have been considered. In our opinion, the record at bar does not contain a sufficient showing

to sustain respondents' defense of *laches*. A hearing is required as to all the circumstances bearing on the questions whether petitioner's delay in demanding reinstatement was reasonable and excusable and as to whether that delay prejudiced the rights of respondents or other persons (*Matter of Ayman* v. *Teachers' Retirement Bd.*, 19 Misc 2d 355, 372, affd. 10 A D 2d 835, mod. on other grounds 9 N Y 2d 119; *Harman* v. *Board of Educ.*, 196 Misc. 287, 296, affd. 275 App. Div. 694, affd. 300 N. Y. 21; 22 Carmody-Wait, New York Practice, pp. 388–390; see, also, *Weiss* v. *Mayflower Doughnut Corp.*, 1 N Y 2d 310, 318; *Reynolds* v. *Snow*, 10 A D 2d 101, 111, affd. 8 N Y 2d 899). To avoid circuity of proceedings, the hearing should also explore the questions (a) whether the driver education course was in fact dropped from the curriculum in respondents' school district, as an accredited course; (b) if it was, whether it has been restored as part of the curriculum; and (c) if it was dropped and has not been restored, whether that action was taken by respondents in good faith. Such inquiry is necessary because petitioner may be entitled to reinstatement if the defense of laches is not established, and either (a) the driver education course was not in fact abolished from the curriculum; or (b) it was abolished, but has been restored; or (c) it was abolished and has not been restored, but the purpose of its abolition was to circumvent petitioner's tenure rights (see Education Law, § 2585, subds. 2, 5; *Matter of Boyd* v. *Collins*, 11 N Y 2d 228, 233–234). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.