HENRY L. FISH, Appellant *v.* CHARLES EMERSON, Respondent.

Where a justice of the peace endorses upon his minutes of trial a memorandum, entitled in the cause, rendering "judgment for plaintiff" in a specified sum, and stating the amount of damages and costs separately, his neglect to perform the duty, enjoined upon him by the statute, of entering it in his docket, will not invalidate the judgment so rendered.

A transcript, taken from such judgment before it is entered in the docket of the justice, will authorize the docketing and enforcement thereof, as a judgment of the County Court.

Nor will the judgment of the County Court be void, because by a clerical

error in docketing, the judgment is described as having been rendered at a date some days previous to the time when it was in fact rendered.

(Argued January 10th; decided May 1st, 1871.)

·Appeal from an order of the Supreme Court, at General Term in the seventh district, reversing an order of the County Court of Monroe county, denying a motion on the part of the defendant to set aside the docket of a judgment in the county clerk's office, upon a transcript from a justice's judgment, and the execution and subsequent proceedings thereon, and granting the motion so denied by the County Court.

It appears that the clerk of Monroe county docketed a judgment in his office, on the 8th of August, 1863, for $128.12 debt and costs, from a transcript of a justice of the peace of that county, filed in his office on that day, in favor of Henry L. Fish, plaintiff, against Charles Emerson, defendant. The docket of the county clerk describes the judgment as rendered by the justice on the 24th of June, 1863, and execution was issued by the clerk, as upon a judgment so rendered and docketed. The execution having been returned unsatisfied, supplementary proceedings were instituted against the defendant, describing the judgment and execution according to the docket in the county clerk's office. The transcript of the justice has been lost, and from the affidavit of the clerk, it is doubtful whether the date of the rendition of judgment was not erroneously transcribed on his docket as of the 24th instead of the 30th of June, the date when the judgment was actually rendered by the justice.

There is some conflict in the affidavits, whether the cause was tried and submitted to the justice on the 29th, or 30th of June, but there is no doubt that he endorsed his judgment on the back of his minutes of the trial on the 30th of June, as follows, viz.:

"Fish *v.* Emerson. Testimony submitted June 30th, 1863. Judgment for plaintiff; damages............... $124 20

                                  3 92

                               $128 12."

The minutes of the trial were attached to the summons, and contained the names of the parties in full, dates of the proceedings in the cause, pleadings, and names of the witnesses. The minutes contain the following entry : " Cause adjourned to 29th June, at which time parties appeared and proceeded to trial." The justice states in an affidavit that the case was submitted on the 30th June, 1863, and judgment rendered for the plaintiff for $124.20 damages and $3.92 costs, and the memorandum in writing, above stated, of his judgment was endorsed on the back of his minutes of the trial, on the same day. He further states that, if the transcript furnished by him stated that the judgment was rendered on the 24th of June, it was a clerical error. The affidavits of the attorneys for the respective parties indicate a difference of opinion, based on their journal entries, as to the date of the trial and submission of the case ; but there is nothing in their conflict rendering the statement of the justice improbable.

The judgment was not entered in the docket of the justice, as it must be assumed, until after the service of the moving papers. The affidavit of the defendant's attorney states that it had not been entered at the time of making his affidavit, and the affidavit of the justice states only that the judgment has been entered in his docket; and although made after the date of the moving affidavit, it does not state the time of the entry.

The plaintiff appealed to the Court of Appeals from the order of the Supreme Court at General Term.

*Edward Harris*, for the appellant.

*George E. Ripsom* and *W. F. Cogswell*, for the respondent.

LEONARD, C. The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial. The judicial functions of the justice are completed when he has rendered his judgment. The duty of rendering judgment where the cause is tried by himself is imperatively to be per-

formed within four days. The duty of entering it in his docket has been held to be directory merely, owing to its ministerial character, and although the time is prescribed by the statute to be four days, within which it is to be done, that is not a limitation upon the power of the justice, but it may be validly performed afterward. (*Watson* v. *Davis*, 19 Wend., 371, afterward explained and limited; *Hall* v. *Tuttle*, 6 Hill, 38; *Sibley* v. *Howard*, 3 Denio, 72, 73; *Walrod* v. *Shuler*, 2 Comst., 134.)

There is no doubt, within these decisions, that the justice properly rendered his judgment by the written memorandum endorsed upon his minutes, and thereby completed his judicial duty. He clearly neglected the further duty which the statute prescribes of entering the judgment in his docket. (2 R. S., 247, § 124; 5th ed., vol. 3, p. 445, § 115.)

It is also well settled by the authorities cited that the subsequent entry of the judgment in the docket of the justice is valid, although done long after its rendition. The important question still remains as to the effect of giving a transcript without having first docketed the judgment. The error in date does not vitiate it. That is amendable. (*Sears* v. *Burnham*, 17 N. Y., 445.)

The Code provides (§ 63) that a justice of the peace, on the demand of the party in whose favor he shall have rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of the county where the judgment was rendered. Nothing is said about the docket of the justice. When he has rendered the judgment he shall furnish a transcript. The rendition of the judgment is a condition to be performed before the furnishing of a transcript or the issuing of an execution; but we look in vain for any condition referring to the justice's docket.

The rights of parties ought not to be, and as a general rule are not, defeated by mere irregularities or clerical defects. The statute is equally peremptory in regard to all the other entries on the docket, as it is to the entry of judgment. "Every justice of the peace shall keep a book, in which he

shall enter," and then specifying fifteen particulars, all of which must be entered. (3 R. S., 5th ed., p. 456, § 174.)

It is said by the court in *Hall* v. *Tuttle* (6 Hill, 38, 42) that " the statute peremptorily commands these entries," referring to the entries to be made in the docket, and continues : " Yet it would be a strange application of it should we hold the judgment reversible for the omission of either."   &ast;   &ast;   &ast; " To say that a clerical defect or omission in any of the fifteen docket particulars should be ground of reversal would be intolerable." In the present case the justice duly rendered his judgment, making a memorandum of the names of the parties, the date, the party in whose favor it was rendered, the damages, and the amount of the costs, all of which are added together. Every fact required for a transcript was here stated. The $ sign prefixed to the figures in the entry of damages applied to the sums below. We have been referred to the case of *Stephens* v. *Santee* (51 Barb., 532), as in point for the defendant. In that case it was held that there was no entry of the judgment, and of course nothing from which a docket or execution could be made. It was a sharp and illiberal decision, considering the facts. The justice did enter every element for a judgment contained in the present case, except the words " judgment for plaintiff." It was misconduct on the part of the justice to disregard the mandate of the statute, and he is deserving of censure, perhaps of impeachment; but I am unable to find any principle of law requiring us to hold that the omission to docket must inflict a penalty upon the plaintiff, more justly due to the magistrate.

The order of the Supreme Court should be reversed and that of the County Court affirmed, with the costs of the appeal to the Supreme Court and of the Court of Appeals.

GRAY, C. This case presents for our consideration two questions only, 1st. Whether the justice did, as stated by him, render the judgment on the 30th June, 1863. 2d. Whether the error in docketing it and the subsequent proceedings based upon the judgment as docketed are void. We are not

informed upon what ground the County Court denied the motion, or why the Supreme Court reversed the order denying it. It is quite clear that the County Court must, from the evidence before it, have found as a fact in the case that a judgment was rendered by the justice on the 30th of June, 1863, and that the error in docketing it as a judgment rendered on a prior day, instead of the 30th of June, was an error of the county clerk or his assistant. Such finding was, I think, warranted by the evidence submitted on the motion. It is to be regretted that the justice had not transferred the entry of this judgment from the entry made on his minutes to his docket as by statute he was required. This omission of duty on his part did not invalidate the judgment; the statute being directory. (*Sibley* v. *Howard*, 3 Den., 72, 73; *Walrod* v. *Shuler*, 2 N. Y., 134.) Nor did the omission of the christian names of the parties in the entry of the judgment on his minutes render void the subsequent transcript of the judgment containing their full names. (*Jennings* v. *Carter*, 2 Wend., 446, 451; *Borland* v. *Stewart*, 4 Wend., 467, 469; Code, § 173; *Bank of Havana* v. *Magee*, 20 N. Y., 355, 359.) The judgment took effect as a judgment of the County Court, not from the day of its rendition, but from the 8th day of the following August, when the transcript was filed. (3 R. S., 5 ed. 496, § 63.) The mistake in docketing the judgment as of the .24th instead of the 30th of June, was a harmless misdescription of it, consisting of a simple variance of six days between the day when it was described to have been rendered, and the day when it was in fact rendered. It was the result of a mistake, and therefore clearly amendable. (See code and cases cited, *supra, and Sears* v. *Burnham*, 17 N. Y., 448; *citing Hunt* v. *Grant*, 19 Wend., 90, where the docket of a judgment was amended by increasing it from $3,000 to $30,000.) The order of the County Court in denying the motion was "in furtherance of justice," and that of the Supreme Court in reversing it erroneous and should be reversed, leaving that of the County Court to stand.

All for reversal.

Order of the General Term reversed, and order of the County Court affirmed, with costs of appeal in the Supreme Court and Court of Appeals.