## RICHARD PUTMAN, APPELLANT, *v.* BARNEY VAN ALLEN, RESPONDENT.

*Action in a Justices' Court — when a verdict is rendered judgment must be entered forthwith by the justice — Code of Civil Procedure, sec. 3015 — it is not sufficient that he determine the amount of the costs and announce it to the successful party.*

Upon the trial of this action before a justice of the peace, on October 1, 1885, a verdict was rendered in favor of the defendant. Immediately after the verdict the justice put down upon his minutes of testimony items of cost, which amounted in all to seven dollars and eighty-two cents, and wrote in them " verdict for defendant" and "judgment for costs against plaintiff was rendered." Soon after, and on the same day, on the suggestion of the defendant's attorney that the costs could not exceed five dollars, besides fees of witnesses from other counties, the justice determined upon items of costs, amounting to five dollars, announced them to the defendant and his attorney and wrote them in his minutes of trial, and told the defendant and his attorney that the costs would include witness' fees, seventy-five cents, but did not include it in the items written in the minutes. He did not, at that time, add the items written in the minutes, nor write judgment opposite to the total, although, on October fifth, he put down the seventy-five cents witness' fees, added up the whole costs, and opposite wrote the word judgment and his signature, dating it October first.

*Held,* that no judgment was rendered until October fifth, and that the judgment attempted to be entered on that day was clearly void, as rendered, not forthwith after the verdict, as required by section 3015 of the Code of Civil Procedure, but four days later, at a time when the justice had no right to render any judgment.

APPEAL from a judgment of the Fulton County Court, affirming a judgment of a Justices's Court, in favor of respondent and against appellant, for costs, five dollars and twenty-five cents.

It does not appear what the action was for. It was tried before a jury, who rendered a verdict for the defendant, and it seems to have

been a case where the costs could not exceed five dollars besides the fees of witnesses attending from another county. Section 3015 of the Code Civil Procedure, provides, that where a verdict is rendered by a jury the justice must forthwith render judgment, and enter it in his docket book. In this case the judgment would necessarily be one in favor of defendant for costs, the amount to be fixed by the justice. It appears from the return and three amended returns made by the justice, that immediately after the verdict, October 1, 1885, the justice put down upon his minutes of testimony items of cost which amounted in all to seven dollars and eighty-two cents, and wrote in his minutes, " verdict for defendant," and " judgment for costs against plaintiff was rendered." Soon after, the defendant and his attorney came into the justices's office and desired the justice to determine what costs defendant was entitled to judgment for, suggesting that the costs could not exceed five dollars besides fees of witnesses from other counties. The justice then determined upon the following items of cost to make up the five dollars, announced them to defendant and his attorney, and wrote them upon his minutes of trial, in the form of the judgment as it finally appeared : Fees for jury, two dollars and seventy cents ; swearing three witnesses, thirty cents ; trial fee, seventy-five cents ; subpœna, twenty-five cents ; recording verdict, twenty-five cents ; entering judgment, twenty-five cents ; execution, twenty-five cents ; filing five papers, twenty-five cents. These items amounted in all to five dollars. Here he stopped. He did not at that time write down seventy-five cents witness fees, three witnesses, nor add up the whole, nor write judgment opposite the total, although he determined and told the defendant and his attorney the costs would include witnesses' fees seventy-five cents. On the 5th October, 1885, four days after the verdict was rendered, the justice put down the seventy-five cents witness fees, added up the whole costs making five dollars and seventy five cents, and opposite this wrote the word judgment, and his signature, dating it at first October 1, 1885, but, upon plaintiff's attorney coming in and insisting he should date it October 5, 1885, he thereupon did so. These facts appear from the various returns, as correctly as we are able to pick them out.

In addition to this, the justice persistently, in each return, adheres to his conclusion which he returns, that the judgment was rendered

October 1, 1885, immediately after the verdict was rendered by the jury. The real question upon this appeal is whether, upon the facts as returned, the conclusion follows, that the judgment was rendered on the 1st day of October, 1885, forthwith after the verdict was received, as required by the Code of Civil Procedure.

*Frank B. Towman*, for the appellant.

*Andrew J. Nellis*, for the respondent.

WILLIAMS, J. :

The section of the Code of Civil Procedure (3015), requires the justice forthwith to render the judgment, *and* enter it in his docket book. Here are two acts; the one has been held to be a judicial act, the rendering of the judgment, and the other a ministeral act, the entering the judgment in the docket book. (*Fish* v. *Emerson*, 44 N. Y., 376.) If the judicial act is performed, the failure properly to perform the ministeral act will not render the judgment void. (Same case.) The real question here is, therefore, whether the judicial act was performed as required, whether the judgment was rendered. The judicial act in such a case consists, at least, in fixing upon the amount of costs, in determining what costs the justice will allow, and the amount thereof. This act should be indicated by some official action ; a mere mental conclusion will not be sufficient, nor it seems to us will it be sufficient to form the mental conclusion and express it verbally to the person entitled to the judgment. In this case the justice concluded in his own mind as to the items making up the five dollars of costs, verbally, declared them to the defendant, and entered them upon his minutes. So far, there was judicial action; but as to the balance of the costs, though he returns he had concluded in his own mind as to the fees of foreign witnesses, seventy-five cents, and had verbally declared such con-clusion to defendant, yet he stopped short of entering that item among the costs and footing up and arriving at the total, until four days later. Suppose nothing had been done after the 1st day of October, 1885, could it be said a judgment was rendered? We should still have the mental operation and the verbal declaration to the defendant, but no memorandum or entry of any kind evincing an intention that the total amount of the costs for which judgment

had been rendered was five dollars and seventy-five cents, or any other definite amount. It does not seem to us it would do, to say a judgment could be rendered by the forming of a mental conclusion, and the announcing verbally of such conclusion to the party entitled to the judgment. In *Stephens* v. *Santee* (49 N. Y., 36), after a trial by jury, and a verdict for plaintiff, the justice forthwith entered in his docket the amount of the verdict, and taxed and entered therein also the costs, and added the verdict and costs together but failed to enter the words "judgment for plaintiff." It was held the judgment was good, that his judicial duty was to determine the amount of costs to which the prevailing party was entitled, and this had been done; the remainder of his duty was ministerial simply. Here it will be seen was the evidence upon the docket of the performance of the judicial duty of fixing the amount of costs.

In *Fish* v. *Emerson* (44 N. Y., 376) the justice indorsed upon his minutes a memorandum, entitled in the cause, judgment for plaintiff, for a sum specified, stating the damages and costs separately, but failed to enter the same in his docket-book. It was held a good judgment, the entry in the docket being a merely ministerial act. Here was clearly the evidence of the taxing and fixing of the amount of costs and damages in the official act of entering the same in his minutes. The counsel for respondent cites, in support of the proposition that the verbal announcement by the justice was a sufficient rendering of the judgment, without any official act of entering it anywhere, the case of *Youmans* v. *Simmons* (7 Hun, 467), which was a case decided in this department, Justice LEARNED writing the opinion. But what was held there was that no judicial determination was made by the assessors until that which consisted in making and signing the roll; that a mere mental determination, evinced by no outward act, was not a judicial determination; that it was the formal announcement which constituted the judicial act, and that announcement was not a verbal one, but was the making and signing the assessment-roll. This case certainly can be regarded as no authority for respondent's contention here. *Christopher* v. *Van Liew* (57 Barb., 17) is also cited by respondent's counsel. The justice there testified that from the evidence before him he found judgment against the defendant and in favor of plaintiff, but upon entering the judgment in his

docket, he, by mistake, entered the judgment in favor of defendant against plaintiff. It was held the entering of the judgment in the docket was merely a ministerial and not a judicial act, and the mistake was, therefore, ministerial and not judicial. It was said by the court that a decision in the mind of the justice, without being evidenced by any official act, was not a rendering of judgment; that before a judgment can be said to be rendered there must be some official act other than a mere operation of the mind as held in *Stephens* v. *Santee* (51 Barb., 532), which is the same case afterwards reported in 49 New York (above). It did not appear how the justice had rendered the judgment, but he having sworn he had done so before entering it in his docket, the court assumed that by some official act he had done so before he started to enter it in his docket.

We think it must be said no judgment was rendered until October 5, 1885. The justice commenced to make entries, which, if completed October 1, 1885, would have been such an official act as would have amounted to the rendering of a judgment, but the entries were not completed, so as to arrive at the full, complete amount of costs until October 5, 1885. This judgment, or pretended judgment, was appealed from; no judgment rendered or entered October 1, 1885, was appealed from. This judgment appealed from was clearly void as having been rendered, not forthwith after the verdict, but four days later, at a time when the justice had no right to render any judgment. That judgment should have been reversed by the County Court, because it was so void. Nevertheless the County Court affirmed that judgment, with costs. Very likely the affirmance was intended to be of a judgment rendered and entered October 1, 1885, but the fact is no such judgment was appealed from. We are of opinion, however, that no judgment was rendered or entered October 1, 1885, so that the result would be the same if the appeal were, in form, from a judgment of that date.

The judgment of the County Court and the justice should both be reversed, with costs, in County Court and on this appeal.

LEARNED, P. J., and LANDON J., concurred.

Judgment of County Court and of justice of peace reversed, with costs.