RATHBON C. TOUSLEY, Appellant, *v.* JESSE MOWERS, Respondent.

(County Court — Orleans County, September, 1895.)

The mere entry by a justice of the peace on his minutes of a verdict rendered by a jury is not a rendition of judgment.

In such a case judgment is not rendered until the justice has fixed the amount of costs and indicated the same by some final action.

Where a verdict was rendered in the evening and the justice was tired and worn out with the trial, *held*, that entry of the judgment on the following day was an entry "forthwith" within the meaning of section 3015 of the Code.

APPEAL from judgment of a Justice's Court in favor of the defendant.

*John C. Knickerbocker*, for appellant.

*Thomas A. Kirby*, for respondent.

SIGNOR, J.   Appeal from judgment entered on a verdict of no cause of action.   Judgment was rendered about seven P. M., April twenty-second, and, as appears from a supplemental return made by the justice, he entered the verdict on his minutes as a verdict of no cause of action, but did not tax the costs until the succeeding day, when he entered the judgment within twenty-four hours from the time it was rendered.   The judgment as entered is for damages, five dollars and five cents; costs, thirty-five cents; but in the return it is stated that the amount entered as damages is in reality costs, and the items making up the amount are given.   The Code, section 3015, provides that when a verdict is rendered in Justice's Court, the justice must *forthwith* render judgment and enter it in his docket book.   By the return it appears that the *judgment*

was not rendered until the following day. The act of rendering judgment is judicial; that of entering it in the docket, ministerial. *Fish* v. *Emerson*, 44 N. Y. 376. The judicial act consists in such a case in at least fixing the amount of costs, in determining what costs the justice will allow and the amount, and must be indicated by some final action. *Putnam* v. *Van Allen*, 46 Hun, 492. It follows that no judgment was entered until the entry was made the following day in the docket. The entry in the docket, damages, five dollars and five cents; costs, thirty-five cents, in view of the explanation in the return, seems to be an irregularity or clerical defect, and one of the errors that should be disregarded. *Fish* v. *Emerson*, *supra*. The remaining question is whether the judgment was rendered within the time allowed by the statute. There seems to be no statutory definition of the term "forthwith." It has been construed, however, by the court. In *Champlin* v. *Champlin*, 2 Edw. Ch. 328, it was held to mean, when applied to a court rule, within twenty-four hours. In *Van Wyck* v. *Hardy*, 39 How. Pr. 399, a summons and complaint was not deposited in the post office till the fourth day after the entry of an order which directed them to be deposited *forthwith*. The court says: "When used in a rule of court, it has been held to mean twenty-four hours after the time when the act requested or directed is to be done. No construction has been given to the term when used in a statute. Webster, among other definitions, defines it to mean without delay. That is a reasonable meaning, and, so understood, it must be left to the decision of the court which is to pass upon the question to determine, under the circumstances of each case, whether the order in that respect has been complied with." The court holds in that case that a mailing within the four days was a compliance with the order. *Goodrich* v. *Sullivan*, 1 T. & C. 191, is an authority in support of the judgment appealed from. There the judgment was rendered about midnight and entered by the justice the next morning, and PARKER, J., writing the opinion, says: "Whether the verdict was rendered before or after midnight, the judgment

followed the verdict before 'a single day had gone by,' forth-with, as required by the statute, that is, within twenty-four hours." In the case under consideration, the justice certifies in his return that he was tired and worn out with the trial, and, under the circumstances of the case and the authorities cited, I must hold that the judgment was entered forthwith within the meaning of that term as used by the Code.

The judgment appealed from must, therefore, be affirmed, with costs.

Judgment affirmed, with costs.