Signor, J.
Appeal from'judgment entered on a verdict of no "cause of action. Verdict was rendered about 7 p.m., April 22d ; and, as appears from a supplemental return made by the justice, he entered the verdict on his minutes as a verdict of no cause of action, but did not tax the costs until the succeeding day, when he entered the judgment within twenty-four hours from the time it was rendered. The judgment, as entered, is for damages, $5.05 ; costs, thirty-five cents. But in the return it is stated that the amount entered as damages is in reality costs, and the items making up the amount are given. Code, section 3015, provides that, when a verdict is rendered in justice’s court, the justice must forthwith render judgment, and enter it in his docket book. By the return it appears that the judgment was not rendered until the following day. The act of rendering judgment'is judicial; that of entering it in the docket, ministerial. Fish v. Emerson, 44 N. Y. *332 376. The judicial costs consists, in such a case, in at least fixing the amount of costs,—in determining what costs the justice will allow, and the amount,—and must be indicated by some final action. , Putnam v. Van Allen, 46 Hun, 492. It follows that no judgment was entered until the entry was made the following day in the docket. The entry in the docket (damages, $5.05; costs thirty-five cents), in view of the explanation in the return, seems to be an irregularity or clerical defect, and one of the errors that should be disregarded. Fish v. Emerson, supra.
The remaining question is whether the judgment was rendered within the time allowed by the statute. There seems to be no statutory definition of the term “forthwith.” It has been construed, however, by the court. In Champlin v. Champlin, 2 Edw. Ch. 326,. it was held to mean, when applied to a court rule, within twenty-four hours. In Van Wyck v. Hardy, 39 How. Prac. 399, a summons and complaint were not deposited in the post office till the fourth day after the entry of an order which directed them to be deposited forthwith. The court says :
“When used in a rule of court, it has been held to mean twenty-four hours after the time when the act requested or directed is to be done. No construction has been given to the term when used in a statute. Webster, among other definitions, defines it to mean ‘withofit delay.’ That is a reasonable meaning, and, so understood, it must be left to the decision of the court which is to pass upon the question to determine, under the cirumstances of each case, whether the order, in that respect, has been complied with."
The court holds in that case that a mailing within the four days was a compliance with the order.
Goodrich v. Sullivan, 1 Thomp. & G. 191, is an authority in support of the judgment appealed from. There the judgment was rendered about midnight, and entered by the justice the next morning, and Parker, J., writing the opinion, says :
“Whether the verdict was rendered before or after midnight, the judgment followed the verdict before ‘a single day had gone by,r forthwith, as required by the statute, that is, within twenty-four hours.”
In the case under consideration, the justice certifies in his return that he was tired and worn out with the trial; and, under th^ circumstances of the case and the case and the authorities cited, I must hold that the judgment was entered “forthwith,” within the meaning of that term as used by the Code. The judgment appealed from must therefore be affirmed, with costs.
Judgment affirmed, with costs.