SWEET et al. v. MARVIN.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

JUSTICE OF THE PEACE—JUDGMENT—ENTRY "FORTHWITH."

Where the jury in a justice's court returned a verdict after 10 o'clock at night, and the justice, who was tired and unable to see well, made a memorandum of the verdict, and on the following morning adjusted the costs, rendered the judgment, and entered it in his docket, the judgment so rendered was a sufficient compliance with Code Civ. Proc. § 3015, providing that, where a verdict is rendered, the justice must "forthwith" render judgment, and enter it in his docket book.

Appeal from Oswego county court.

Action by Vaughn C. Sweet and Glen M. Sweet against David H. Marvin. From a judgment of the county court reversing a judgment of the justice's court in favor of plaintiffs, plaintiffs appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

C. W. Avery, for appellants.

O. M. Reilly, for respondent.

WARD, J. This action was commenced in justice court in the county of Oswego. Plaintiffs claimed damages arising out of false representations in the purchasing of a quantity of apples. A jury was impaneled in the case, who heard the evidence and rendered a verdict for the plaintiff for $60, something after 10 o'clock on the night of the 13th of February, 1895. Upon the rendition of the verdict, the justice of the peace holding the court entered the verdict on a piece of paper, and returns that, being tired, and troubled to see, he did not foot up the costs and enter judgment complete until the next morning, which was the first business transacted by him after the entry of the verdict, and about 9 or 10 hours intervening between the rendition of the verdict and the judgment. The costs were ascertained, and the judgment, in fact, was rendered and entered in the docket book of the justice that morning. An appeal was taken to the county court, and the judgment was reversed by that court for the reason that it was not rendered forthwith upon the coming in of the verdict, citing Sibley v. Howard, 3 Denio, 72, and Putnam v. Van Allen, 46 Hun, 492, as authority for that conclusion, which is the sole question presented by this appeal.

In Sibley v. Howard, supra, there was a trial before a jury, in justice court, the 1st day of July, and they rendered their verdict on that day. The justice immediately entered it in his docket, but made no further entry on that day. Within four days after the verdict, he

made an entry of the items of cost, but did not foot up the items until the 9th day of July.　In the case of Putnam v. Van Allen, 46 Hun, 492, the action was tried before a jury, and verdict rendered on the 1st day of October, but judgment was not completely rendered until October 5th.　Section 3015 of the Code of Civil Procedure provides that, where a verdict is rendered, the justice must forthwith render judgment and enter it in his docket book.　In Van Wyck v. Hardy, 39 How. Prac. 392 (opinion 399), decided in the court of appeals, a summons and complaint, which was required by an order of the court to be deposited forthwith in the post office, after the making of such order, in pursuance of the Code of Procedure, was not deposited for four days.　It was claimed that this was not deposited forthwith.　The court held that the deposit was in time and sufficient, and said:

"No definition of the term 'forthwith' is given in the Code. ＊ ＊ ＊ Webster, among other definitions, defines it to mean 'without delay.' That is a reasonable meaning, and, so understood, it must be left to the discretion of the court to determine, under the circumstances of each case, whether the order in that respect has been complied with; and we agree with the court below that there was such a compliance in the present case."

In Goodrich v. Sullivan, 1 Thomp. & C. 191, the facts were similar to those in the case before us.　There the jury rendered a verdict about midnight.　The justice entered the verdict in his minutes, but did not enter judgment in his docket book, for damages and costs, until next morning.　Held that this was sufficient, and a compliance with the statute.　In Tousley v. Mowers, 14 Misc. Rep. 125, 35 N. Y. Supp. 855, the verdict was rendered in the evening, and the justice was tired and worn out, and did not enter the judgment until the following day.　Held that this was an entry forthwith, under section 3015 of the Code.

The meaning of the word "forthwith" has received judicial construction in insurance cases, where the policies have required that notice of the fire or other matter be given forthwith; and the rule adopted in such cases is well stated in Bennett v. Insurance Co., 67 N. Y. 277, where the court says:

"The word 'forthwith' does not mean immediately or instantaneously after the fire. It means, or has been held to mean, within a reasonable time, or with reasonable diligence, after the fire [citing cases]. What is a reasonable time depends upon all the circumstances of the case."

In some of the cases a reasonable time is held to be 24 hours, as in Champlin v. Champlin, 2 Edw. Ch. 328, where the court said that the word "forthwith" in the fifty-sixth rule of the court is to be construed within 24 hours thereafter.

It will be seen that the cases relied upon and cited by the county court do not sustain the respondent's contention here.　We think the rule to be deduced from the cases, and having its foundation in reason, is that words imposing a duty upon a court or judicial officer must receive reasonable construction.　The courts should take their recesses and perform their duties with reference to the surrounding conditions.　Where a proceeding has advanced far into the night, before the completion, the court is not compelled to continue its work longer, but may adjourn until the next day, or to such further time

as the law permits.    A duty to be done forthwith is not an exception to this reasonable rule.    When the court or officer performs the duty within reasonable time after the event upon which it depends occurs, under all the conditions surrounding the case, the command of the law is complied with.    The magistrate in this case had conducted the proceedings to a late hour, and awaited the verdict of the jury beyond the hour when he might properly have adjourned his court until next day, that the jury might be relieved of the case.    He had received the verdict, and made a memorandum thereof on paper.    He was weary, and his eyes were in a bad condition for further night work, and he held the further proceedings in the case until the next morning, when the first thing he did was to adjust the costs and render the judgment, which consisted of the verdict and the costs, and enter it in his docket book; and the county court erred in reversing the judgment.    The judgment of the county court should be reversed, with costs of this appeal, and the judgment of the justice affirmed.

Judgment of the county court reversed, with costs, and the judgment of the justice court affirmed, with costs.    All concur.