(70 App. Div. 315.)

### ERDMAN v. UPHAM.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

1. CONTRACT—MAINTENANCE FOR LIFE—THIRD PERSONS—ACTIONS—EVIDENCE.

Where plaintiff alleged that defendant agreed with a third person to maintain such person for life in consideration of certain property which such person conveyed to defendant, and that plaintiff maintained such person for a certain time, with the knowledge and consent of defendant, it was not error to reject a deed from such person to defendant, offered by plaintiff, with no statement as to its tendency or effect, or any suggestion that it would be made material by subsequent evidence.

2. SAME—ADMISSION.

Defendant's admission that there was such a contract as was offered in evidence was not an admission of its contents, but only of its execution.

3. SAME—RIGHT OF ACTION.

Where one person contracts with another to maintain the latter for life in consideration of a conveyance of certain property, a third person who maintains the grantor cannot recover of the grantee on the contract, though the maintenance is afforded with the knowledge and consent of the grantee.

4. APPEAL—STATEMENT—JUSTICE'S RETURN—CONFLICT.

Where the formal statement of the case on appeal in which judgment of nonsuit was entered recited that the judgment of the justice was rendered December 9th, and the justice's return stated that the trial was had on December 7th, but also stated that it contains all the proceedings, including the evidence and judgment, and on the face of the return it appears that judgment was entered immediately, the return will be accepted, and compliance with Code Civ. Proc. § 3015, requiring that on nonsuit judgment be entered forthwith, will be presumed.

Parker, P. J., and Chase, J., dissenting.

Appeal from special term, Sullivan county.

Action by John Erdman against George Upham. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

J. M. Maybee, for appellant.

C. H. Stage, for respondent.

FURSMAN, J. The complaint avers that in 1898 the defendant "made a written contract with Philip Erdman," by which the defendant agreed to maintain and support Philip during his life "for the consideration of some property of the value of about $1,200, which the defendant became the owner of by deed of Philip Erdman then and there"; that between August 1, 1899, and May 1, 1900, the plaintiff maintained and supported Philip with the knowledge and consent of the defendant; and that such support and maintenance was worth the sum of $130. The answer admits the execution of the deed referred to in the complaint, and denies each and every other allegation thereof. On the trial the plaintiff offered in evidence a deed of property from Philip Erdman to George Upham (defendant), which was objected to "on the ground that plaintiff is not a party to the transaction, and cannot maintain an action on any promise or agreement contained therein." This objection was sustained. No other evidence was

offered by the plaintiff, and the justice thereupon entered a nonsuit against him. Assuming that the complaint states a cause of action, none was proved or attempted to be proved. The complaint sets forth two papers,—a contract and a deed. A deed was offered in evidence which may or may not have contained a contract. The record is silent as to its character and contents. No statement was made in connection with the proposed evidence, as to its tendency or effect, or tending to show that it would be made material by subsequent proof. If there was such a contract as set forth in the complaint, the plaintiff was not a party nor privy to it, and the rule of law is that one who is neither a party to a contract nor a privy to it cannot maintain an action upon it. Simson v. Brown, 68 N. Y. 355. "A mere stranger cannot intervene and claim by action the benefit of a contract between other parties. There must be either a new consideration, or some prior right or claim against one of the contracting parties by which he has a legal interest in the performance of the agreement." Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195. The admission that "there is such a contract and deed as offered in evidence" is no more than an admission of the execution of the paper. Without any information as to the contents of the paper offered, we cannot say that the ruling of the justice was not correct. In the absence of any proof or offer to prove that the plaintiff had furnished support to Philip upon the consent of the defendant, it certainly was correct under the authorities above cited. No other evidence being offered, the justice was right in granting the nonsuit.

It is suggested that the trial was had and the nonsuit granted on the 7th of December, and the judgment entered on the 9th, and that this was not in compliance with section 3015 of the Code of Civil Procedure. It is true that in the formal statement at folio 1 of the printed case it is said that the judgment of the justice was rendered December 9th, and the return states that the trial was had December 7th; but the return also states that it contains "all the proceedings" had in the action, "including the evidence and the judgment entered therein," and there is nothing whatever to indicate that the judgment was not rendered and entered immediately upon the granting of the nonsuit. Indeed, on the face of the return it appears it was rendered and entered immediately. Are we to take the formal statement (which may be a misprint as to the date of the judgment) or the justice's return as our guide? I think the latter; for that is the only official record of the actual fact. I suggest that the date in the formal statement may be a misprint of "9th" for "7th," not only because the return indicates that judgment was rendered immediately upon the nonsuit being granted, but because the notice of appeal to the county court is from a judgment rendered on the 19th of December,—undoubtedly a misprint. It is sufficient, however, that the return of the justice, which is an official statement required by law upon an appeal being taken to the county court, furnishes the only proper evidence to the appellate court of the date of the rendition and entry of the judgment. It has been held, moreover, by the appellate division of the Fourth department, that where a judgment of a justice is entered within a reasonable time after the event upon which it depends occurs, although not on the

same day, the statute is complied with.   Sweet v. Marvin, 2 App. Div. 1, 37 N. Y. Supp. 442.   It may be noted that the printed case does not show that any formal judgment for costs was ever entered by the justice from which an appeal could be taken, nor any judgment, except the mere statement in the return: "Motion for request granted. Judgment rendered for defendant against plaintiff as above, with costs of the action."

The judgment of the county court must be reversed, with costs, and that of the justice affirmed.   All concur, except PARKER, P. J., and CHASE, J., dissenting.