**Harney v Site 3 DSA Owner LLC**

2024 NY Slip Op 30463(U)

February 13, 2024

Supreme Court, New York County

Docket Number: Index No. 153979/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: HON. MARY V. ROSADO      PART     **33M**

*Justice*

------------------------------------------------------------------------X

JOHN HARNEY, CHRISTINE HARNEY

         Plaintiff,

- v -

SITE 3 DSA OWNER LLC, TRITON CONSTRUCTION AND
DEVELOPMENT LLC,

         Defendant.

------------------------------------------------------------------------X

| INDEX NO. | 153979/2020 |
|---|---|
| MOTION DATE | 01/18/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91

were read on this motion to/for      JUDGMENT - SUMMARY     .

Upon the foregoing papers, and after oral argument which was held on August 22, 2023

with David L. Engelsher, Esq. appearing for plaintiffs John Harney ("Mr. Harney") and Christine

Harney ("Mrs. Harney") ("Plaintiffs") and Michael Flake, Esq. appearing for defendants Site 3

DSA Owner LLC ("DSA") and Triton Construction and Development LLC ("Triton") (together,

"Defendants"), Plaintiffs' motion for partial summary judgment on the issue of liability with

respect to their claims under Labor Law 200 and Labor Law 241(6), is denied. Defendants'

cross-motion for summary judgment dismissing Plaintiffs' Complaint is granted in part and

denied in part.

## I.    Background and Procedural History

This case arises out Plaintiff John Harney's trip and fall at a construction site located at

202 Broome Street, New York, N.Y. (the "Site") on September 17, 2019 (the "Accident")

(NYSCEF Doc. 22 at ¶ 17).

153979/2020  HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL
Motion No. 001

Page 1 of 11

[* 1]

On the date of the Accident, the Site was owned by DSA (NYSCEF Doc. 23 at ¶ 3). DSA had contracted with Triton for Triton to act as the Construction Manager of the Site (NYSCEF Doc. 19 at ¶ 6). Triton's Field General Superintendent on the site was Ramkaveshwar Ramnarase (a/k/a "Kavesh") (*Id.*).

Prior to the date of the Accident, Triton entered into a contract with Mr. Harney's employer, Park Avenue Concrete, to perform construction work at the Site (NYSCEF Doc. 22 at ¶ 14). At the time of the Accident, Mr. Harney was employed by Park Avenue Concrete as a hoist operator at the Site (NYSCEF Doc. 55 at pp. 73-74). The Site had two hoists in operation, positioned side by side, each installed and maintained by S&F Scaffold, LLC, a company hired by Triton (NYSCEF Doc. 19 at ¶ 7).

On June 5, 2020 Plaintiffs commenced this action against Defendants Owner and Triton, alleging violations of Labor Law Sections 200, 241(6) and 240(1) (NYSCEF Doc. 22). Mr. Harney alleges that on September 17, 2019, he tripped and fell while walking into a hoist at the Site because the lower gate attached to the hoist was not flush to the floor, creating a tripping hazard (NYSCEF Doc. 19 at ¶ 5).

On January 18, 2023 Plaintiffs brought the instant motion for partial summary judgment on the issue of liability against Defendants based on Defendants' alleged violations of Labor Law Section 200 and 241(6) (NYSCEF Doc. 18). On March 2, 2023 Defendants filed a cross-motion for summary judgment to dismiss Plaintiffs' Complaint in its entirety (NYSCEF Doc. 49)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v*

153979/2020  HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL
Motion No. 001

Page 2 of 11

2 of 11

*Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*see e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

B. Plaintiffs' Motion for Partial Summary Judgment on Liability Based on Labor Law Section 200 is Denied

The First Department has held that, "where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]). Contrastingly, in cases where the injury was "caused by the manner and means of the work, including the equipment used," it is well established that "the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Id.*). Further, "where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor law 200 is one for means and methods and not one for a dangerous condition existing on the premises" (*Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 406 [1st Dept 2018]).

*[The remainder of this page is intentionally left blank]*

153979/2020   HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL        Page 3 of 11
Motion No. 001

3 of 11

    i. Material Questions of Fact Remain Regarding Whether Mr. Harney's Injury Stems from the Manner in which His Work was Performed

Labor Law 200 codifies an owner or general contractor's common-law duties of care (*Rosa v 47 E. 34th St, (NY), L.P.*, 208 AD3d 1075, 1081 [1st Dept 2022]). "Claims for personal injury under the statute and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca* at 143-144).

Plaintiffs contend that Mr. Harney's injuries were caused by a dangerous or defective condition in the hoist door; namely, that the door created a tripping hazard because it was too big and was not flush with the floor (NYSCEF Doc. 20 at p. 14). In opposition, Defendants argue, *inter alia*, that "[a]s the hoist operator, it was [Mr. Harney's] job to bring the gates flush when entering the hoist" (NYSCEF Doc. 44 at ¶36).

The Affidavit of Defendants' Engineering Consultant Preston R. Quick, P.E.(the "Quick Affidavit") (NYSCEF Doc. 46) states that the hoist cars were inspected and found to be fully operational three weeks prior to the Accident and approximately two months following the Accident (NYSCEF Doc. 46 at ¶ 10), and that "[a]ny difference in elevation between the hoist car gate and the hoist car platform and/or landing was due to the manner in which the designated hoist operator controlled the hoist car gates" (*Id.* at ¶ 19).[1]

---

[1] While Plaintiffs contend that the Quick Affidavit should not be considered because no *curriculum vitae* was attached to its original submission, this argument is unavailing. It is well established that "[f]or a witness to be qualified as an expert the witness must possess the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (*Schechter v 3320 Holding LLC*, 64 AD3d 446, 449 [1st Dept 2009]). The Quick Affidavit (NYSCEF Doc. 46) states that Quick is employed as an "Engineering Consultant"; is a licensed professional engineer in New York State; has worked as an engineer for over 18 years; has a Bachelor of Science Degree in Mechanical Engineering; has a Master of Science Degree in Mechanical Engineering; has a Master of Science Degree in Civil Engineering; and is proficient in and provided expert testimony regarding construction, maintenance, and regulation/code compliance in the field of construction safety (NYSCEF Doc. 46 at ¶ 1) In light of the foregoing and given the fact that the Quick Affidavit was re-filed on April 14, 2023 to include Quick's CV, the Court finds that Quick is entitled to be considered an expert.

[* 4]

Quick specifically asserts in his Affirmation that a hoist car operator's responsibilities include:

> (A) Vertical operation of the hoist car from the operator station in the hoist car...including stopping and positioning the hoist car floor/platform flush with the respective building floor landing...(B) manual vertical operation of the biparting car gates...to achieve full-open position of the vertically biparting gages (e.g. pushing the lower gate section down flush with the hoist car floor and building floor landing by hand or foot action); (C) manual operation of the respective building floor landing gate swung to full-open; and (D) confirmation of satisfactory completion of items (A) though (C) prior to allowing construction personnel, inclusive of the hoist car operator, to traverse the hoist car threshold to landing threshold and vice versa (NYSCEF Doc. 46 at ¶ 12).

Additionally, the Affidavit of Kavesh (the "Kavesh Affidavit"), the Field Superintendent for Triton, states that "the leveling of the clamshell gates was part of the process of operating the clamshell gates of the hoist," and that there were no violations issued pertaining to the hoist car in question at any time (NYSCEF Doc. 47 at ¶¶ 9-10). Kavesh further testified that he

> Observed only a temporary level differential caused by the manner in which the hoist operator controlled the "clamshell" doors of the hoist that [Mr. Harney] was entering. The level differential that [he] observed was not a defective condition or caused by any malfunction of the hoist. Instead, it was caused entirely by the hoist operator's operation of the internal "clamshell" doors by failing to step on the bottom portion of these gates (or push the top portion upwards) to bring them level with the platform when [Mr. Harney] entered the car (NYSCEF Doc. 47 at ¶ 7).

As the Quick and Kavesh Affidavits assert that the hoist gates were inspected and found to be operational both before and after Mr. Harney Accident (NYSCEF Doc. 46 at ¶ 13), that it was part of Mr. Harney's job responsibility to bring the gates flush when entering the hoist (*Id.* at ¶ 12), and that the elevation differential that allegedly caused Mr. Harney's injury was caused "entirely by the hoist operator's operation of the internal "clamshell" doors by failing to step on the bottom portion of these gates" (NYSCEF Doc. 47 at ¶ 7), Defendants have established the

153979/2020 HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL
Motion No. 001

Page 5 of 11

5 of 11

[* 5]

presence of material issues of fact regarding whether Mr. Harney's Accident stems from the manner in which his work was performed.

### ii. Material Issues of Fact Remain Regarding Whether Defendants Exercised Supervisory Control Over the Operation of the Hoist Car or Gates

As discussed *supra*, where an injury is caused by the manner and means of a plaintiff's work, including the equipment used, it is well established that the owner or general contractor is liable only if it actually exercised supervisory control over the injury-producing work (*Cappabianca* at 144). The First Department has held that "a general duty to supervise the work and ensure compliance with safety regulations is insufficient to constitute the requisite supervision and control under Labor Law §200" (*De La Rosa v Philip Morris Mgmt. Corp.*, 303 AD2d 190, 192 [1st Dept 2003]).

Plaintiffs assert that Kavesh exercised supervisory control over Mr. Harney's work (NYSCEF Doc. 82 at p. 29). In support of this conclusion, Plaintiffs cite to Kavesh's deposition testimony where, when asked whether he was "the lord" and "the king" of the construction site and whether he says what goes and the workers listen, Kavesh responded "yes" (NSYCEF Doc. 72 at p. 59).

However, when Mr. Harney was asked at his deposition who gave him instructions on his work, he testified that his own employer, Park Avenue Concrete, supervised his work (NYSCEF Doc. 55 at p. 74-75). Further, the Kavesh Affidavit states that Triton "did not have any supervisory control over how the hoist operations were performed or how the hoist operator would operate the hoist, including the operation of the internal, "clamshell" doors" (NYSCEF Doc. 47 at ¶ 11).

Given the competing testimony on the record, Defendant has established the existence of material issues of fact regarding who exercised supervisory control over Mr. Harney's injury-

**153979/2020   HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL**
Motion No. 001

Page 6 of 11

producing work. As such, Plaintiffs' motion for summary judgment on their Labor Law 200 claim is denied.

### C. Plaintiffs' Motion for Summary Judgment on their Labor Law 241(6) Claim is Denied

Labor Law 241(6) imposes a non-delegable duty of reasonable care upon owners, contractors and their agents to provide reasonable and adequate protection and safety for workers (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). It is well established that "to state a claim under section 241(6), [a] plaintiff must allege that defendant violated an Industrial Code regulation that sets forth a specific standard of conduct and [is] not simply a recitation of common-law safety principles" (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]).

Here, Plaintiffs' Memorandum of Law in support of their motion for summary judgment alleges that Defendants violated 12 N.Y.C.R.R. 23-1.7 (e)(1), which applies to tripping and other hazards in passageways (NYSCEF Doc. 20 at p. 12). Section 23-1.7 (e)(1) states that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered." Plaintiffs argue that Mr. Harney was walking in a passageway at the time of his accident and that "[s]ince the tripping hazard [was] in this 'passageway', the defendants violated 23-1.7(e)(1)" (NYSCEF Doc. 20 at p. 18).

In opposition, Defendants argue that "the condition on which [Mr. Harney] tripped was not a 'tripping hazard'… but was an 'integral part of the construction'" (NYSCEF Doc. 44 at ¶ 13). Indeed, it is well established that a claim for violation of Labor Law 241(6) premised on an alleged violation of Industrial Code Section 23-1.7(e)(1) should be dismissed where the alleged tripping hazard was "an integral part of the work being performed" (*Bazdaric v Almah Partners LLC*, 203 AD3d 643, 645 [1st Dept 2022]).

[* 7]

The First Department has held that the "Integral to the Work" defense "applies to things and conditions that are an integral part of the construction, not just to the specific task a plaintiff may be performing at the time of the accident" (*Krzyzanowski v City of New York*, 179 AD3d 479, 481 [1st Dept 2020]). The First Department has further held that a plaintiff's motion for summary judgment should be denied where the plaintiff fails to establish that the alleged tripping hazard was "accumulated debris or scattered materials," and not something "purposely placed on the floor" [*Id.*].

Plaintiffs have presented no evidence to establish that debris or dirt had any role in causing Mr. Harney's Accident. Moreover, the record establishes that in August 2019 the clamshell gates were intentionally installed as part of the dual hoist cars as "safety devices" (NYSCEF Doc. 46 at ¶ 9).

Accordingly, the Court finds because Defendants have raised material issues of fact regarding whether the clamshell gates which allegedly caused Mr. Harney's injury can be considered a tripping hazard for purposes of 12 N.Y.C.R.R. 23-1.7 (e)(1), Plaintiffs' motion for summary judgment on their Labor Law 241(6) Claim is Denied.

### D. Defendants' Cross-Motion for Summary Judgment Dismissing Plaintiffs' Claims under Labor Law 240(1) is Granted

Preliminarily, Plaintiffs failed to make an argument opposing Defendants' cross-motion for summary judgment dismissing Plaintiffs' Labor Law 240(1) claim.

Labor Law 240 (1) obligates owners and contractors engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," except certain owners of one- and two-family dwellings, to "furnish or erect . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person" employed in the performance of

the labor (*Rivas v Seward Park Hous. Corp.*, 219 AD3d 59, 63 [1st Dept 2023]). The First Department has held that "[t]he single decisive question…is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Id.* citing *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

In *Lombardo v. Park Tower Management Ltd.*, 76 A.D.3d 497 (1st Dept. 2010), the First Department held that a step, "which was 18 inches above the floor…was not of sufficient height to trigger the protection of section 240(1), nor was plaintiff exposed to the type of extraordinary risk for which the statute was designed" (*Lombardo* at 498). As Mr. Harney testified that the clamshell door over which he allegedly tripped was raised "anywhere from eight inches to a foot," Defendants have established that the clamshell door did not constitute a sufficiently significant elevation differential to satisfy a claim under Labor Law 240(1). As Plaintiffs failed to proffer any argument in opposition to Defendants' motion to dismiss Plaintiffs' 240(1) claims, Defendants' motion is granted.

E. Defendants' Cross-Motion for Summary Judgment Dismissing Plaintiffs' Claims Under Labor Law 241(6) is Granted

While Plaintiffs' Bill of Particulars alleges violations of 12 N.Y.C.R.R. Sections 23-1.5(a), 23-1.5(b), 23-1.7(a) (1), 23- 1.7(a)(2), 23-1.7(d), 23-1.7 (e)(1), 23 1.7 (e)(2), and 23-2.1(b) (NYSCEF Doc. 24), Plaintiffs' opposition to Defendants' cross-motion argues only that there was a violation of Industrial Code 23-1.7(e)(1) (NYSCEF Doc. 71 at p. 42). As such, Plaintiffs' claims with respect to all other industrial code provisions are dismissed (see *Jamie Ng v NYU Langone Med. Ctr.* 157 AD3d 549 [1st Dept 2018]).

As discussed above, a claim for violation of Labor Law 241(6) premised on an alleged violation of Industrial Code Section 23-1.7(e)(1) should be dismissed where the alleged tripping

**153979/2020 HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL**
**Motion No. 001**

Page 9 of 11

[* 9]

hazard was "an integral part of the work being performed" (*Bazdaric v Almah Partners LLC*, 203 AD3d 643, 645 [1st Dept 2022])[2]

Here, Plaintiffs present no evidence or argument to establish that debris or dirt had any role in causing Mr. Harney's Accident. Further, the record establishes that in August 2019 the clamshell gates were intentionally installed as part of the dual hoist cars as "safety devices" (NYSCEF Doc. 46 at ¶ 9). Therefore, as the clamshell gate that Plaintiffs allege to be a tripping hazard was not caused by accumulated debris or scattered materials, but rather was purposefully placed on the hoist as a safety device, the Court finds that it was not a tripping hazard for purposes of Industrial Code Section 23-1.7(e)(1). Accordingly, Defendants' motion for summary judgment dismissing Plaintiffs' claims Under Labor Law 241(6) is granted.

### F. Defendants Cross-Motion to Dismiss Plaintiffs' Claims Under Labor Law 200 is Denied

As discussed in Section B above, material issues of fact remain regarding whether Mr. Harney's Accident stems from the manner in which Mr. Harney's work was performed or from an existing defect or dangerous condition. Further, competing testimony on the record establish the existence of material issues of fact regarding who exercised supervisory control over Mr. Harney's injury-producing work. As such, Defendants' motion for summary judgment Dismissing Plaintiffs' claims under Labor Law 200 is denied.

Accordingly, it is hereby,

ORDERED that Plaintiffs John Harney and Christine Harney's motion for partial summary judgment on the issue of liability with respect to their claims under Labor Law 200 and Labor Law 241(6), is denied; and it is further

---

[2] See Section C above for a thorough discussion of the "Integral to the Work" defense.

**153979/2020   HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL**
**Motion No. 001**

Page 10 of 11

10 of 11

[* 10]

ORDERED that Defendants Site 3 DSA Owner LLC and Triton Construction and Development LLC's cross-motion for summary judgment dismissing Plaintiffs' claims under Labor Law 240(1) and 241(6) is granted; and it is further

ORDERED that Defendants Site 3 DSA Owner LLC and Triton Construction and Development LLC's cross-motion for summary judgment dismissing Plaintiffs' claims under Labor Law 200 is denied; and it is further

ORDERED that on or before February 27, 2024, the parties shall submit a proposed Status Conference Order via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference on February 28, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten (10) days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on Defendants; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 2/13/2024 | | _Mary V. Rosado JSC_ |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

153979/2020   HARNEY, JOHN ET AL vs. SITE 3 DSA OWNER LLC ET AL
Motion No. 001

Page 11 of 11

11 of 11

[* 11]